OPINION
{¶ 1} Appellants, Vitantonio, Inc., Wickliffe Floral, Inc., Gloria Vitantonio, and Louis J. Vitantonio, appeal from a December 13, 2004 judgment entry of the Lake County Court of Common Pleas, granting the motion to dismiss of appellee, Gary Baxter, Executor of the Estate of William Vitantonio, Deceased ("decedent").
 {¶ 2} The decedent passed away on July 24, 2000. He had been a minority shareholder in and treasurer of Vitantonio, Inc. He was also president of and a majority shareholder of Wickliffe Floral, Inc.
 {¶ 3} On July 23, 2001, appellants presented claims against the estate of the decedent within the one-year time limit to do so prescribed by R.C. 2117.06(B).[1] Appellee rejected appellants' claims on August 17, 2001, pursuant to R.C.2117.06(D). On October 12, 2001, within the two-month time limit set forth in R.C. 2117.12 after a claim is rejected, appellants filed an action in the Lake County Court of Common Pleas, alleging, inter alia, nonfeasance, malfeasance, negligence, and breach of fiduciary duty concerning how the decedent managed Wickliffe Floral, Inc. The complaint also alleged that the decedent failed to pay rent and utilities for his apartment that was owned by appellants. Appellee filed an answer and counterclaim.
 {¶ 4} On June 26, 2003, appellants voluntarily dismissed their complaint. On July 2, 2003, appellee voluntarily dismissed his counterclaim.
 {¶ 5} On June 17, 2004, pursuant to R.C. 2305.19, Ohio's savings statute, appellants refiled their complaint, which was essentially identical to their original complaint. Appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on July 14, 2004. On December 13, 2004, the trial court granted appellee's motion to dismiss. It is from that judgment that appellants appeal and make the following sole assignment of error:
 {¶ 6} "The trial court erred to the prejudice of [appellants] in granting [appellee's] motion to dismiss."
 {¶ 7} In their assignment of error, appellants posit one issue for review: "[w]hether [R.C. 2305.19], Ohio's saving statute, is applicable to claims filed under [R.C. 2117.12]." Appellants argue that a recent Supreme Court of Ohio decision,Allen v. McBride, 105 Ohio St.3d 21, 2004-Ohio-7112, holding that R.C. 2305.19 applies to will contests, should be extended to claims against the estate. For the reasons that follow, we agree.
 {¶ 8} Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Our standard of review of a trial court's dismissal under Civ.R. 12(B)(6) is de novo. Evans Property, Inc. v.Altiere, 11th Dist. No. 2003-G-2494, 2004-Ohio-2305, at ¶ 11. Under de novo review, all factual allegations of the complaint must be accepted as true and all reasonable inferences must be drawn in favor of the nonmoving party. Id. at ¶ 12. Thus, in order to grant a dismissal, it must appear beyond doubt that plaintiffs cannot prove any set of facts entitling them to relief. Id.
 {¶ 9} On July 23, 2001, R.C. 2117.06(B) provided in part that, "[a]ll claims shall be presented within one year after the death of the decedent[.]" An "* * * executor or administrator shall allow or reject all claims * * * within thirty days after their presentation * * *." R.C. 2117.06(D). "When a claim against an estate has been rejected * * *, the claimant must commence an action on the claim * * * within two months [after the rejection] * * * or be forever barred from maintaining an action on the claim * * *." R.C. 2117.12. In the case sub judice, it is undisputed that appellants timely presented their claims against the estate of the decedent, and then subsequent to appellee's rejection of such claims, appellants timely commenced an action in the Lake County Court of Common Pleas.
 {¶ 10} The issue in this appeal arose after appellants voluntarily dismissed their complaint and refiled it within the one-year time period set forth by R.C. 2305.19. R.C. 2305.19
provides in pertinent part that when a claim "fails otherwise than upon the merits," a new action may be commenced "within one year after the date of the * * * failure otherwise than upon the merits * * *." Appellants argue that this provision permits them to refile their claims against the decedent's estate. Appellee argues, and the trial court agreed, that Ohio's savings statute is not applicable because the two-month time limitation mandated by R.C. 2117.12 bars appellants' claims.
 {¶ 11} The savings statute "is a remedial statute and is to be given a liberal construction to permit the decision of cases upon their merits rather than upon mere technicalities of procedure." Cero Realty Corp. v. Am. Manufacturers Mut. Ins.Co. (1960), 171 Ohio St. 82, paragraph one of the syllabus. In order for the savings statute to apply, the initial action must have been filed within the applicable statute of limitations and the action must have failed otherwise than on its merits.[2] R.C. 2305.19(A). "A voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a failure otherwise than upon the merits within the meaning of the savings statute." Frysinger v.Leech (1987), 32 Ohio St.3d 38, paragraph two of the syllabus.
 {¶ 12} In the case at hand, the trial court based its decision to dismiss appellants' complaint on two cases decided by this court: Barnes v. Anderson (1984), 17 Ohio App.3d 142 andPeltz v. Peltz (June 27, 1997), 11th Dist. No. 96-G-2026, 1997 Ohio App. LEXIS 2826. In Barnes, we relied on Alakiotis v.Lancione (1966), 12 Ohio Misc. 257, and held that the savings statute does not apply to will contest actions. Barnes,
paragraph two of the syllabus. In Peltz, we applied Barnes
and upheld the trial court's dismissal of a second will contest action that was filed pursuant to R.C. 2305.19 after the first one had been dismissed voluntarily. Peltz at 7-8. Therefore, the rule of law was: if a will contest was voluntarily dismissed, a plaintiff could not refile within the one-year time limits under R.C. 2305.19, because the four-month statute of limitations set forth in R.C. 2107.76, governing will contests, prohibited the application of R.C. 2305.19.
 {¶ 13} Although the trial court here followed the logic ofBarnes and Peltz, it noted that, "[t]he Tenth District Court of Appeals in Allen v. McBride, 10th Dist. No. 03AP-432,2003-Ohio-7158, at ¶ 23 held otherwise. The Ohio Supreme Court has accepted jurisdiction to resolve the conflict concerning the applicability of the savings statute to will contests." In fact, on December 30, 2004, seventeen days after the trial court's dismissal on December 13, the Supreme Court of Ohio released its opinion in Allen.
 {¶ 14} In Allen, the Supreme Court overturned Alakiotis,
"the seminal common pleas court decision" which held that R.C.2305.19 did not apply to will contest actions, and the cases that followed it, including Barnes and Peltz. Allen at syllabus; ¶ 8-9. In doing so, the Supreme Court overturned "longstanding authority in Ohio, going back five decades," of "existing precedent and public policy considerations" which held "that the saving statute does not apply to will-contest actions." Allen,
supra, at ¶ 38 (O'Donnell's dissenting opinion).
 {¶ 15} Thus, the question that we are presented with in the instant appeal is whether the holding in Allen should be extended to apply to claims against an estate. Appellee argues that Allen is not controlling because R.C. 2305.19 does not apply to claims against the estate. We disagree. After a close review of the Supreme Court's decision in Allen, we conclude that if the threshold requirements of R.C. 2305.19 are met, then it should apply to save claims against the estate.
 {¶ 16} In Allen, the Supreme Court reviewed three of its prior decisions, Reese v. Ohio State Univ. Hosp. (1983),6 Ohio St.3d 162, Lewis v. Connor (1985), 21 Ohio St.3d 1, andOsborne v. AK Steel/Armco Steel Co., 96 Ohio St.3d 368,2002-Ohio-4846, recognizing that these three decisions "callAlakiotis's ruling into question." Allen at ¶ 10-12, 14. In all three cases, the Supreme Court held that R.C. 2305.19 was applicable to save the claim in question. In Allen, the Supreme Court extended its reasoning in Reese, Lewis, and Osborne to will-contest actions.
 {¶ 17} First, in Reese, the Supreme Court held that R.C.2305.19 was applicable to save suits against the state in the Court of Claims. Allen at ¶ 11. In Lewis, the Supreme Court held that R.C. 2305.19 was applicable to save workers' compensation complaints filed in the common pleas court, if the claimant had filed the original claim within sixty days after receipt of the Industrial Commission's decision denying the claim. Id. at ¶ 12. Finally and most recently, in Osborne, the Supreme Court held that R.C. 2305.19 applies to save age-discrimination claims. Id at ¶ 14.
 {¶ 18} In Allen, the Supreme Court quoted itself inOsborne: "`[l]ike the court in Lewis, "we decline to hold that Osborne has entered the `twilight zone' where dismissal of her complaint without prejudice after expiration of the limitation period of (the relevant statute) has the same effect as a dismissal on the merits, barring any further action with respect to the same claim."'" Allen at ¶ 15. Further, the Supreme Court emphatically made it clear, fully agreeing with the court of appeals, that, "`Osborne eviscerated the rationale underpinning Alakiotis and the appellate decisions relying on it.'" Allen at ¶ 16, quoting Allen, 10th Dist. No. 03AP-432, at ¶ 19.
 {¶ 19} The Supreme Court recognized, as did the Tenth District, that will contests are distinguishable from age discrimination claims and workers' compensation claims, which are terminated if the complaint is dismissed. Id. at ¶ 21. "[W]hen a will contest is dismissed, [however], the administration of the will continues." Id. Nevertheless, the Supreme Court extended the applicability of R.C. 2305.19 to will contest actions. It reasoned that "this distinction is not significant enough to remove the case from the ambit of Osborne's analysis. * * * `The issue before us (reduces) to whether application of the savings statute so adversely affects the administration of the estate that the legislature could not have intended to apply the savings statute to will contest actions. In the final analysis, the adverse effects are no greater than those inherent in the administration of an estate in the absence of the savings statute, and thus, we conclude the savings statute applies to plaintiff's dismissal of her will contest action.'" Id.
 {¶ 20} The Supreme Court further acknowledged that "`[w]ithout question, the statute of limitations for will contests * * * is short.'" Id. at ¶ 23. It reasoned that, "[i]n the case of an expedited estate, however, the administration of the estate may be completed before the statute of limitations for a will contest has expired. A successful will contest, in such an instance, may require that, at least in part, the administration of the estate be undone, much as might occur if a refiled will contest complaint proved to be successful." Id. Further, the Supreme Court noted that, "[i]ndeed, because nothing requires that an estate be held open to determine if a dismissed will contest eventually will be refiled, the failure to refile before the administration of the estate is completed arguably may preclude further action and instead become part of the risk a will contestant takes in dismissing a will contest." Id.
 {¶ 21} The Supreme Court concluded with three final points: "First, R.C. 2305.19 is a broad statute of general application and on its face applies to save the [will contest]. There is nothing within that statute that could even remotely be read to proscribe its application to will-contest actions.
 {¶ 22} "Second, there is no indication within R.C. 2107.76
that the saving statute does not apply to will-contest actions. Once a will-contest claim is validly filed within the applicable (now three-month) period, that statute has been satisfied on its face, and later developments are beyond the statute's scope. Given the generality of R.C. 2305.19 and the inapplicability of R.C. 2107.76 once a will contest is properly commenced, we determine that normal principles of statutory construction require that R.C. 2305.19 should apply to will-contest actions. * * *
 {¶ 23} "Finally, adopting the approach advocated by defendants would require that we overrule Osborne and would also require that we either overrule or severely limit Reese
and Lewis. Given all the reasons set forth above, we decline to repudiate those cases and instead reaffirm them. Plaintiff Allen's voluntary dismissal without prejudice under Civ.R. 41(A)(1)(a) should not place her in the `twilight zone' that bars any recovery, and R.C. 2305.19 operates to save her ability to pursue her claim." Id. at ¶ 272-9. (Citation omitted.)
 {¶ 24} In the case at bar, we see no reason why the same rationale employed by the Supreme Court in Allen should not be extended to save claims against the estate.
 {¶ 25} Appellee asserts, citing Stull v. Jentes (1985),24 Ohio App.3d 127, 128, that "`the statutory purpose of requiring all suits on rejected claims to be brought within two months of the rejection is to facilitate the administration of estates and to permit them to be settled and disposed of without delay.'" Appellee argues that "[t]o apply the savings statute in this instance would clearly frustrate the purpose of the statute by extending the period of administration of estates." However, the Supreme Court explicitly addressed this concern, albeit with regard to will contests. Allen, supra, at ¶ 20-23. Thus, we see no logical reason not to extend the reasoning to claims against the estate.
 {¶ 26} Appellee further argues that the Supreme Court's holding in Allen should not apply to claims against the estate because the holding was "very narrow and limited to will contest actions." Appellee asserts that "[a]ppellants have attacked this [c]ourt's decision in Barnes v. Anderson, supra, which has been effectively overruled by the decision in Allen v. McBride[,] * * * however, Barnes and Allen dealt with will-contest actions, which * * * are distinguishable from an action against an estate which is at issue in the case at bar." Ironically, appellee argued the converse in his motion to dismiss appellants' refiled claims. In fact, appellee stated in his reply brief to appellants' opposition brief to his motion, that in moving for dismissal, he "relied primarily on the Eleventh Appellate District decision in [Barnes]" and concluded that "the Barnes
holding * * * remains dispositive of the issue before this [c]ourt." We conclude that appellee's reasoning in the lower court, with respect to Barnes being dispositive on the issue herein, is more persuasive. As such, with the rule of law inBarnes now in the "twilight zone", so is appellee's argument on appeal.
 {¶ 27} Appellee also vainly attempts to distinguish claims against the estate from will contest actions. He argues that, "[u]nlike the statutes providing remedies for age discrimination, as addressed in Osborne v. AK Steel/Armco Steel Co., supra., and will contest actions, as addressed in Allen, the statute at issue in this case is clearly not `remedial.'" We disagree entirely.
 {¶ 28} First, "the Supreme Court candidly admitted it was `unable to determine the continuing justification for the "right/remedy" dichotomy * * * [and, that] [t]he trend now is to ameliorate the harsh consequences of the rule that under no circumstances can the time limitation be extended * * *.'"Allen, 10th Dist. No. 03AP-432, at ¶ 15, quoting Lewis,
supra, at 3. Further, "`the distinction between a remedial statute of limitations and a substantive statute of limitations is by no means so rock-ribbed or so hard and fast as many writers and judges would have us believe. Each type of statute, after all, still falls into the category of a statute of limitations. And this is none the less true even though we call a remedial statute a pure statute of limitations and then designate the substantive type as a condition of the very right of recovery. (* * *) Here the proper approach is not technical and conceptualistic. Rather, we think it should be realistic and humane.'" Id.
 {¶ 29} In addition, while we see the obvious distinctions between workers' compensation claims and age discriminations suits as compared to will contest actions (and claims against the estate for that matter), we see no significant distinction between will contest actions and claims against the estate for the purposes of this appeal. If the Supreme Court can extend its reasoning applied in cases dealing with workers' compensation claims and age discrimination claims to will contest actions, then we cannot conclude that the same rationale should not be extended to claims against the estate.
 {¶ 30} Just as the Supreme Court reasoned in Allen with respect to will contests, we conclude here that there is nothing in the savings statute that would proscribe its application to claims against the estate, nor is there anything in the presentation of claims against the estate statute that indicates the savings statute should not apply. Thus, since appellants met the threshold requirements of R.C. 2305.19, presenting their claims against the estate within the statutory time limits of R.C. 2117.06, and then subsequently commenced the initial action in the common pleas court within the time frame set forth in R.C.2117.12, we will not send appellants' claims to the "twilight zone" simply because they voluntarily dismissed them initially.
 {¶ 31} We are mindful of Am.Sub.H.B. No. 144, which proposes legislation to provide that the savings statute does not apply to a civil action to contest the validity of a will. We presume that this legislation is in reaction to the Supreme Court's decision in Allen. However, we are an error court and as such, we must abide by decisions of the Supreme Court on the application of law and logic on such issues which are in the nature of sui generis. In addition, at the present time, the proposed legislation is not effective. Further, it does not address the issue that we are dealing with in the case sub judice; i.e., whether the savings statute applies to save claims against the estate. Thus, we will be guided by the rationale set forth in Allen.
 {¶ 32} Accordingly, based upon the foregoing reasons, we conclude that appellants' assignment of error has merit. As such, the judgment of the Lake County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.
William M. O'Neill, J.,
Colleen Mary O'Toole, J., concur.
[1] At the time of appellants' presentment of claims against the estate, the time limit set forth in R.C. 2117.06(B) was one year. On April 8, 2004, R.C. 2117.06 was amended. The time limit to present claims against the estate is now six months.
[2] R.C. 2305.19 was amended, effective May 31, 2004. Under the old statute, there was an additional requirement: the "failure otherwise than upon the merits" must have occurred after the statute of limitations had expired. However, the legislature eliminated the language that required this. Further, under the amended act, a new action may be commenced within one year after the dismissal "or within the period of the original applicablestatute of limitations, whichever occurs later." R.C.2305.19(A).