OPINION
{¶ 1} Defendant-appellant, Patricia Mendenhall, executrix of the estate of Lynn Ann Mendenhall ("Lynn Ann"), deceased, appeals a decision of the Butler County Court of Common Pleas granting a $7,272.54 judgment in favor of plaintiff-appellee, Norman Hembree.
 {¶ 2} Although they were never married, Hembree and Lynn Ann lived in a husband-wife like relationship for ten years. Lynn Ann died in January 2000. On May 16, 2000, Hembree submitted a $94,097.53 claim against the estate of Lynn Ann that included a $7,272.54 funeral bill he had paid. The claim was rejected by the estate on September 1, 2000. Hembree filed a complaint on October 30, 2000, within two months of the date of rejection, alleging seven causes of action including a claim for the funeral expenses. On October 13, 2003, Hembree voluntarily dismissed his complaint under Civ.R. 41(A).[1] On January 12, 2004, Hembree refiled his complaint which was essentially identical to his original complaint.
 {¶ 3} Appellant moved to dismiss under Civ.R. 12(B)(6) on the ground that the refiled complaint was not timely filed under R.C. 2117.12 with regard to the funeral expenses claim. The trial court overruled appellant's motion and found that the complaint was timely filed. Thereafter, finding that "all matters in the controversy, save one, now having been resolved," the trial court dismissed with prejudice all the claims in the case with the exception of the funeral expenses claim. Appellant moved for summary judgment on this remaining claim. Finding a genuine issue of material fact existed as to whether Hembree paid the funeral expenses as an officious volunteer or out of the necessity of the occasion, the trial court overruled appellant's motion for summary judgment. On May 8, 2006, the trial court awarded Hembree a $7,272.54 judgment. This appeal follows.
 {¶ 4} In a single assignment of error, appellant argues that the trial court erred by denying her Civ.R. 12(B)(6) motion with regard to the funeral expenses claim. The issue before us is whether Hembree's funeral expenses claim was time-barred under R.C. 2117.12 or whether the saving statute in R.C. 2305.19 applies to claims against an estate. Appellant argues that following the Civ.R. 41(A) dismissal of the original complaint, Hembree's complaint was untimely refiled under R.C. 2117.12
because it was not filed within two months of the rejection of his claim against the estate. Hembree argues, and the trial court agreed, that R.C. 2305.19 applies to claims against an estate and thus, allowed him to refile his complaint against the estate.
 {¶ 5} At the outset, we note that the resolution of lawsuits should be on their merits, not upon pleading deficiencies. Peterson v.Teodosio (1973), 34 Ohio St.2d 161, 175. Application of the civil rules is not a game of skill in which a single misstep by counsel may be determinative of the outcome. See Society Bank Trust v. Miller (Nov. 25, 1994), Lucas App. No. CV 92-0720. We review a trial court's decision on a Civ.R. 12(B)(6) motion de novo. See Amburgey v. Ohio Adult ParoleAuth., Madison App. No. CA2001-07-016, 2001-Ohio-8695.
 {¶ 6} In 2000, R.C. 2117.06(B)[2] stated in relevant part that "[a]ll claims [against an estate] shall be presented within one year after the death of the decedent[.]" It is undisputed that Hembree timely presented his claim against the estate of Lynn Ann. R.C. 2117.12, in turn, states that "[w]hen a claim against an estate has been rejected * * *, the claimant must commence an action on the claim * * * within two months after such rejection * * * or be forever barred from maintaining an action thereon." Again, it is undisputed that Hembree timely filed his original complaint following appellant's rejection of his claim.
 {¶ 7} The issue in the case at bar arose after Hembree voluntarily dismissed his original complaint under Civ.R. 41(A) and then refiled it three months later. R.C. 2305.19(A), the saving statute, provides that "[i]n any action that is commenced * * *, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." It is well-established that a voluntary dismissal by a plaintiff under Civ.R. 41(A) constitutes a failure otherwise than upon the merits within the meaning of R.C.2305.19. Frysinger v. Leech (1987), 32 Ohio St.3d 38, 42. When R.C.2305.19 applies, the date for filing the new action relates back to the filing date for the preceding action for limitations purposes. Id.
 {¶ 8} R.C. 2305.19 is a remedial statute and is to be given a liberal construction to permit the decision of cases upon their merits rather than upon mere technicalities of procedure. Cero Realty Corp. v. Am.Mfrs. Mut. Ins. Co. (1960), 171 Ohio St. 82, 85. R.C. 2305.19 "is neither a statute of limitations nor a tolling statute extending the [applicable] statute of limitations. Instead, it is clear that R.C.2305.19 has no application unless an action is timely commenced and is then dismissed without prejudice after the applicable statute of limitations has run." Lewis v. Connor (1985), 21 Ohio St.3d 1, 4.
 {¶ 9} In Allen v. McBride, 105 Ohio St.3d 21, 2004-Ohio-7112, the Ohio Supreme Court was asked to decide whether R.C. 2305.19 applied in will contest actions. In that case, Allen, the plaintiff, had filed a will contest action concerning the validity of a decedent's will. Allen voluntarily dismissed her complaint without prejudice under Civ.R. 41(A), and then refiled her complaint the next day under R.C. 2305.19. Upon finding that R.C. 2305.19 did not apply to will contest actions, the trial court dismissed the complaint. The Tenth Appellate District reversed the trial court's decision, holding that R.C. 2305.19 applied. See Allen v. McBride, Franklin App. No. 03AP-432, 2003-Ohio-7158.
 {¶ 10} The supreme court in Allen reviewed three of its prior decisions involving R.C 2305.19, to wit: Reese v. Ohio State Univ.Hosp. (1983), 6 Ohio St.3d 162, in which it held that R.C. 2305.19
applied to suits against the state under the Court of Claims Act;Lewis, 21 Ohio St.3d 1, in which it held that R.C. 2305.19 applied to workers' compensation complaints filed in the common pleas court; andOsborne v. AK Steel/Armco Steel Co., 96 Ohio St.3d 368, 2002-Ohio-4846, in which it held that R.C. 2305.19 applied to R.C. Chapter 4112 age-discrimination actions. The supreme court pointed out inAllen how it declined to hold in Osborne "that [a plaintiff] has entered the `twilight zone' where dismissal of her complaint without prejudice after expiration of the limitation period of [the relevant statute] has the same effect as a dismissal on the merits, barring any further action with respect to the same claim." Allen, 105 Ohio St.3d at ¶ 15.
 {¶ 11} After reviewing the foregoing decisions and the "cogent analysis" of the Tenth Appellate District, the supreme court further emphasized the following points: "First, R.C. 2305.19 is a broad statute of general application and on its face applies to save the claim in this case. There is nothing within that statute that could even remotely be read to proscribe its application to will-contest actions. Second, there is no indication within R.C. 2107.76 that the saving statute [R.C.2305.19] does not apply to will-contest actions. Once a will-contest claim is validly filed within the applicable period, that statute has been satisfied on its face, and later developments are beyond the statute's scope. * * *
 {¶ 12} "Finally, adopting the approach advocated by defendants would require that we overrule Osborne and would also require that we either overrule or severely limit Reese and Lewis. Given all the reasons set forth above, we decline to repudiate those cases and instead reaffirm them. Plaintiff Allen's voluntary dismissal without prejudice under Civ.R. 41(A)(1)(a) should not place her in the `twilight zone' that bars any recovery, and R.C. 2305.19 operates to save her ability to pursue her claim. * * *" Allen, 105 Ohio St.3d at ¶ 27-29. Based on all of the foregoing, the supreme court then held that R.C. 2305.19 applied to will contest actions. Id. at ¶ 30.
 {¶ 13} In Vitantonio v. Baxter, Lake App. No. 2005-L-004,2006-Ohio-1685, the issue before the Eleventh Appellate District was whether the supreme court's holding in Allen should be extended to apply to claims against an estate. In Vitantonio, the plaintiffs presented their claims against the estate within one year of the decedent's death. After the executor rejected their claims, the plaintiffs timely filed their complaint under R.C. 2117.12, within two months of the date of rejection. The plaintiffs later voluntarily dismissed their complaint, but refiled it within a year under R.C. 2305.19. The trial court granted the executor's Civ.R. 12(B)(6) motion to dismiss on the ground that R.C.2305.19 did not apply to actions involving claims against an estate.
 {¶ 14} The Eleventh Appellate District reversed the trial court's decision. After thoroughly reviewing the supreme court's decision inAllen, the court of appeals held that R.C. 2305.19 applied to claims against an estate. Vitantonio, 2006-Ohio-1685, ¶ 15. Specifically, the court of appeals found that "we see no significant distinction between will contest actions and claims against the estate for purposes of this appeal. If the Supreme Court can extend its reasoning applied in cases dealing with workers' compensation claims and age discrimination claims to will contest actions, then we cannot conclude that the same rationale should not be extended to claims against the estate.
 {¶ 15} "Just as the Supreme Court reasoned in Allen with respect to will contests, we conclude here that there is nothing in the savings [sic] statute that would proscribe its application to claims against the estate, nor is there anything in the presentation of claims against the estate statute that indicates the savings [sic] statute should not apply. Thus, since [the plaintiffs] met the threshold requirements of R.C. 2305.19, presenting their claims against the estate within the statutory limits of R.C. 2117.06, and then subsequently commenced the initial action in the common pleas court within the time frame set forth in R.C. 2117.12, we will not send [the plaintiffs'] claims to the `twilight zone' simply because they voluntarily dismissed them initially." Id. at ¶ 29-30.
 {¶ 16} Appellant decries the Eleventh Appellate District's "unabashed reliance" on Allen and contends that since the holding in Allen was strictly limited to will contest actions, Vitantonio "must be considered a mutation of Allen * * * subject to careful scrutiny[.]"
 {¶ 17} We disagree. As Vitantonio correctly points out, the supreme court had no problem applying its prior analysis in cases involving R.C.2305.19 and workers' compensation or age discrimination actions to will contest actions. We see no reason why the same reasoning cannot be applied to actions involving claims against an estate. Upon thoroughly reviewing the supreme court's decision in Allen and the Eleventh Appellate District's decision in Vitantonio, we find the reasoning inVitantonio to be persuasive. We therefore hold that R.C. 2305.19 applies to claims against an estate.
 {¶ 18} In the case at bar, Hembree timely presented his claim against the estate under R.C. 2117.06, and then, once it was rejected, timely commenced the initial action in the trial court under R.C. 2117.12. Following his Civ.R. 41(A) dismissal, Hembree then refiled his complaint within the time frame set forth in R.C. 2305.19. Thus, since Hembree met the threshold requirements of R.C. 2305.19, we decline to send his claim to the "twilight zone" simply because he voluntarily dismissed it initially. Rather, we find that his January 12, 2004 complaint was timely filed. It follows that the trial court did not err by denying appellant's Civ.R. 12(B)(6) motion with regard to the funeral expenses claim. The assignment of error is overruled.
 {¶ 19} Judgment affirmed.
WALSH, P.J. and BRESSLER, J., concur.
[1] We note that the record provides two different October dates as to when Hembree voluntarily dismissed his original complaint. The caption on Hembree's refiled complaint indicates an October 13, 2003 date. By contrast, a decision of the trial court denying one of appellant's Civ.R. 12 motions indicates an October 3, 2003 date. We note that for purposes of this appeal, it does not matter whether Hembree dismissed his original complaint on October 3 or 13. We adopt the date listed on the caption of Hembree's refiled complaint.
[2] At the time of Hembree's presentment of his claim against the estate, the time limit set forth in R.C. 2117.06(B) was one year. On April 8, 2004, R.C. 2117.06 was amended. The time limit to present claims against an estate is now six months.