LEWIS, APPELLANT, *v.* CONNOR, ADMR., ET AL., APPELLEES.

[Cite as Lewis *v.* Connor (1985), 21 Ohio St. 3d 1.]

(No. 85-31—Decided December 19, 1985.)

*Dennis O. Norman,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *John C. Vanik,* for appellees Administrator et al.

*Henry B. Bruner,* for appellee Cleveland Twist Drill Co.

CELEBREZZE, C.J. The question presented is whether the savings statute, R.C. 2305.19,[1] is applicable to complaints filed on appeal from a decision of the Industrial Commission pursuant to R.C. 4123.519. We answer that question in the affirmative.

R.C. 4123.519[2] provides that a notice of appeal must be filed within

---

[1] R.C. 2305.19 provides in pertinent part:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. This provision applies to any claim asserted in any pleading by a defendant. * * *"

[2] R.C. 4123.519 provides in pertinent part:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. If the claim is for an occupational disease the appeal shall be to the court of common pleas of the county in which the exposure which caused the disease occurred. Like appeal may be taken from a decision of a regional board from which the commission or its staff hearing officer has refused to permit an appeal to the commission. Notice of such appeal shall be filed by the appellant with the court of common pleas within sixty days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. Such filings shall be the only act required to perfect the appeal and vest jurisdiction to the court.

"* * *

sixty days after receipt of the commission's decision. As provided by this statute, the timely filing of appellant's notice of appeal was the only act necessary to vest jurisdiction in the common pleas court. Subsequently, appellant's complaint was dismissed without prejudice well after the expiration of the time limit prescribed by R.C. 4123.519 for commencement of an appeal.

Appellees contend that R.C. 4123.519 created a new, substantive right of action governed by the time limitation contained in the statute. Appellees further claim that because this statute is one of creation of rights rather than limitation on a remedy, when the sixty-day limitation for filing a notice of appeal had run appellant's right of action was extinguished and her complaint could not be saved by R.C. 2305.19. The result urged by appellees is that the dismissal without prejudice here operates as the summary destruction of appellant's complaint. This result is both anomalous and fundamentally unfair.

We cannot agree that R.C. 4123.519 creates a substantive right of action. Rather, we have long held that "[a] statute undertaking to provide a rule of practice, a course of procedure or *a method of review*, is in its very nature and essence a *remedial* statute." (Emphasis added.) *Miami* v. *Dayton* (1915), 92 Ohio St. 215, 219. Indeed, in *State, ex rel. Slaughter*, v. *Indus. Comm.* (1937), 132 Ohio St. 537 [8 O.O. 531], this court, asked to determine whether a precursor to R.C. 4123.519 was remedial in nature, stated, "[i]t is * * * difficult to avoid the conclusion that any right of appeal or review given by statute from an order of the Industrial Commission to a court must be classed strictly as a *remedy*." (Emphasis added.) *Id.* at 544. See, also, *State, ex rel. Michaels*, v. *Morse* (1956), 165 Ohio St. 599, 606 [60 O.O. 531]. Thus, R.C. 4123.519 contains a limitation on a remedy, not a limitation on a right of action. Consequently, we may now consider the application of the savings statute to appellant's complaint.[3]

---

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. Further pleadings shall be had in accordance with the Rules of Civil Procedure, provided that service of summons on such petition shall not be required. * * *"

[3] We further are unable to determine the continuing justification for the "right/remedy" dichotomy urged upon us by appellees. The trend now is to ameliorate the harsh consequences of the rule that under no circumstances can the time limitation be extended where that limitation is found to be a condition of the right created. In *Scarborough* v. *Atlantic Coast Line RR. Co.* (C.A. 4, 1949), 178 F. 2d 253, the federal appellate court construed the three-year limitations period contained in the Federal Employers' Liability Act as remedial rather than substantive and stated:

"* * * [T]he distinction between a remedial statute of limitations and a substantive statute of limitations is by no means so rock-ribbed or so hard and fast as many writers and judges would have us believe. Each type of statute, after all, still falls into the category of a statute of limitations. And this is none the less true even though we call a remedial statute a

This court faced a similar issue in *Reese* v. *Ohio State Univ. Hosp.* (1983), 6 Ohio St. 3d 162. There we held that the savings statute, R.C. 2305.19, was applicable to actions maintained under the Court of Claims Act, R.C. 2743.16. In *Reese, supra,* we noted that there was nothing in R.C. 2743.16 prohibiting the refiling of an action which was originally timely commenced. Similarly, there is nothing in R.C. 4123.519 which prohibits the refiling of a complaint where the original notice of appeal is timely filed. R.C. 4123.519 does not provide any guidance for the situation in which a timely filed complaint has been dismissed without prejudice after the time for commencement set forth in that statute has expired. As we stated in *Reese,* R.C. 2305.19 "fills this void." *Id.* at 163.

Further, as we recognized in *Reese,* the savings statute is neither a statute of limitations nor a tolling statute extending the statute of limitations. *Id.* Instead, it is clear that R.C. 2305.19 has no application unless an action is timely commenced and is then dismissed without prejudice after the applicable statute of limitations has run. This is exactly the situation in the instant case. Appellant's notice of appeal was timely filed pursuant to R.C. 4123.519 and her complaint was then dismissed without prejudice nearly two years later, long after the applicable sixty-day limitation period for commencement of an appeal had expired.

We decline to hold that appellant has entered the "twilight zone" where dismissal of her complaint without prejudice after expiration of the limitation period of R.C. 4123.519 has the same effect as a dismissal on the merits, barring any further action with respect to the same claim.

We conclude that R.C. 4123.519 contains a time limitation upon a remedy, not a limitation on a substantive right created by statute. Thus, in the absence of any provision to the contrary in R.C. 4123.519, the savings statute applies. Where a notice of appeal is filed within the time prescribed by R.C. 4123.519 and the action is dismissed without prejudice after expiration of that time, R.C. 2305.19, the savings statute, is applicable to workers' compensation complaints filed in the common pleas court.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

SWEENEY, LOCHER, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

---

pure statute of limitations and then designate the substantive type as a condition of the very right of recovery. * * *

"Here the proper approach is not technical and conceptualistic. Rather, we think it should be realistic and humane." *Id.* at 259.

We too agree that the mechanical application of this distinction, merely because it is there, is often neither realistic nor just.

HOLMES, J., concurs in judgment only.

WRIGHT, J., concurring. I briefly concur to draw the attention of the bench and the bar to the recent trend of cases emanating from this court which make it clear that when appropriate this court will construe the Ohio Rules of Civil Procedure and other rules to insure that controversies are decided on their merits rather than on overly technical applications of the rules which would lead to a dismissal.[4] We will not hesitate to apply a clear jurisdictional mandate; however, a reasonable interpretation of the Revised Code must be applied to situations such as the one at bar. Generally speaking, a trial court should not apply the sanction of dismissal absent defiance of the rules by one of the parties or contempt of the judicial process by counsel.

C. BROWN, J., concurs in the foregoing concurring opinion.

---

[4] See *Ohio Furniture Co.* v. *Mindala* (1986), 22 Ohio St. 3d 99; *In re Estate of Reeck* (1986), 21 Ohio St. 3d 126; *State* v. *Herzing* (1985), 18 Ohio St. 3d 337, 339; *Reichert* v. *Ingersoll* (1985), 18 Ohio St. 3d 220, 222; *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, 192 [23 O.O.3d 210]; *Cobb* v. *Cobb* (1980), 62 Ohio St. 2d 124, 126 [16 O.O.3d 145].