OPINION
{¶ 1} Plaintiff-appellant, Jayms D. McKinney ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granting defendant-appellee's, Union Tools ("appellee"), motion for judgment.
 {¶ 2} This litigation arises out of a workers' compensation claim filed by appellant. Appellant's claim was allowed for a lumbrosacral sprain/strain. Thereafter, appellant filed a request to amend the allowance of the claim for an additional psychiatric disability. The Industrial Commission recognized the claim for the psychiatric condition of "depressive disorder." Pursuant to R.C. 4123.512, appellee filed an appeal with the Franklin County Court of Common Pleas on October 3, 2002. Appellant filed a complaint, but thereafter voluntarily dismissed the complaint on July 3, 2003, pursuant to Civil Rule 41(A)(1). On September 27, 2004, appellee filed a motion for judgment, requesting that the court find in its favor as a matter of law, based on appellant's failure to re-file his complaint within one year pursuant to the savings statute codified in R.C. 2305.19. On September 29, 2004, the trial court granted appellee's motion. On appeal, appellant raises the following assignment of error:
The Trial Court failed to abide by Ohio Civil Procedure Rule 12 which provides that the responsive party is entitled to fourteen days after service to respond and therefore in the instant case the Trial Court did not provide for responsive pleadings.
 {¶ 3} Appellant first argues that because he voluntarily dismissed his complaint and the Clerk of Court subsequently terminated the case, the trial court did not have jurisdiction to enter judgment in favor of appellee without the case being reactivated.
 {¶ 4} In a workers' compensation action, the filing of the complaint does not commence the action and confer jurisdiction. "The filing of a notice of appeal with the Industrial Commission of Ohio and the Court of Common Pleas is the only act required to perfect the appeal and vest jurisdiction in the court." Rice v. Stouffer Foods Corp. (Nov. 6, 1997), Cuyahoga App. No. 72515 at *5, citing Singer Sewing Machine Co. v.Puckett (1964), 176 Ohio St. 32. If an employee files a complaint, then dismisses said complaint, and "does not re-file his complaint within a year's time, he can no longer prove his entitlement to participate in the workers' compensation system." Kaiser v. A meritemps, Inc. (1999),84 Ohio St.3d 411, 415, citing Rice, supra. "The voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal, which remains pending until the re-filing of claimant's complaint." Id.
 {¶ 5} Therefore, the voluntary dismissal of appellant's complaint did not dismiss appellee's appeal, nor did it divest the court of its jurisdiction. While the complaint may be dismissed, the appeal remains pending subject to a re-filing of the complaint under the savings statute. Rice, supra at *16. Accordingly, the court had jurisdiction to decide appellee's motion for judgment.
 {¶ 6} Appellant's second argument concerns the trial court's failure to act in accordance with Civ.R.12 and Loc.R. 21 and provide appellant with time to respond to appellee's motion for judgment. Ordinarily, the filing of appellee's motion for judgment would have required the trial court to allow appellant 14 days to respond to appellee's motion. It is undisputed that the trial court did not provide appellant the requisite time to respond to appellee's motion for judgment. Therefore, because there is no issue of fact with respect to the trial court's failure to adhere to the dictates of Civ.R. 12 and Loc.R 21, the issue before us is one of law only. As such, the appropriate standard of review is de novo review, or merely a use of this court's plenary powers.
 {¶ 7} Pursuant to either of these standards, we find that the trial court committed error in not complying with the time allotments proscribed by Civ.R. 12 and Loc.R. 21. However, in this case, the error is harmless. While appellant did voluntarily dismiss his complaint, such dismissal did not divest the court of its jurisdiction, nor did it dismiss appellee's appeal. Appellant failed to re-file his complaint within one year in accordance with R.C. 2305.19, and therefore, appellee was clearly entitled to judgment. Lewis v. Connor (1985), 21 Ohio St.3d 1. There is no evidence, or even an allegation, that any different result was warranted. Thus, even though the trial court technically erred in denying appellant the requisite time to respond, the error is harmless, as the result was proper and clearly warranted under the circumstances of this case.
 {¶ 8} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Petree, JJ., concur.