OPINION *Page 2 
{¶ 1} On or about February 16, 1996, appellee, Margie Landon, was injured in the course of her employment with appellant, Advance Stores Company, Inc. As a result, appellee filed a claim with the Bureau of Workers' Compensation and the Industrial Commission (Claim No. 96-613546). Appellee's claim was allowed for "lumbosacral strain; lumbar strain; herniated disc L3-4; L4-5, L5-S1 disc protrusion; L5 right radiculopathy."
 {¶ 2} On April 25, 2005, appellee filed a motion requesting an additional allowance for "piriformis syndrome, bilateral." A hearing was held on August 8, 2005. By order dated August 10, 2005, the district hearing officer granted the motion. By order dated October 7, 2005, the Industrial Commission affirmed the district hearing officer's order. An appeal to the Industrial Commission was denied.
 {¶ 3} On December 16, 2005, appellant filed a notice of appeal with the Court of Common Pleas of Delaware County, Ohio. Appellee filed the complaint on January 17, 2006. On December 4, 2006, appellee voluntarily dismissed the complaint pursuant to Civ. R. 41(A)(1)(a). On January 22, 2008, appellant filed a motion for judgment on the pleadings pursuant to Civ. R. 12(C), claiming appellee failed to refile the complaint within one year as mandated by R.C. 2305.19. By judgment entry filed February 21, 2008, the trial court denied the motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows: *Page 3 
 I {¶ 5} "THE TRIAL COURT ERRED IN DENYING ADVANCE STORES' MOTION FOR JUDGMENT ON THE PLEADINGS BECAUSE THE OHIO SUPREME COURT'S DECISION INFOWEE v. WESLEY HALL, INC. REQUIRES A COURT TO GRANT JUDGMENT ON THE PLEADINGS WHEN A PLAINTIFF-CLAIMANT FAILS TO REFILE WITHIN ONE YEAR A PREVIOUSLY DISMISSED COMPLAINT IN AN EMPLOYER'S WORKERS' COMPENSATION APPEAL."
 I {¶ 6} Appellant claims the trial court erred in not granting its Civ. R. 12(C) motion for judgment on the pleadings. We agree.
 {¶ 7} A motion for judgment on the pleadings under Civ. R. 12(C) is subject to de novo review because it involves a question of law. See,Whaley v. Franklin County Board of Commissioners, 92 Ohio St.3d 574,581, 2001-Ohio-1287.
 {¶ 8} This case involves an employer's appeal of a workers' compensation claim pursuant to R.C. 4123.512. On January 17, 2006, appellee filed a complaint pursuant to statute, but voluntarily dismissed it on December 4, 2006 under Civ. R. 41(A)(1)(a). On January 22, 2008, more than one year after appellee had voluntarily dismissed the complaint, appellant moved for judgment on the pleadings as appellee had not refiled the complaint under Ohio's savings statute, R.C. 2305.19. Appellant sought a judgment denying appellee's allowance for "piriformis syndrome, bilateral."
 {¶ 9} In Kaiser v. Ameritemps, Inc., 84 Ohio St.3d 411, 415,1999-Ohio-360, the Supreme Court of Ohio stated the following: *Page 4 
 {¶ 10} "Furthermore, an employee cannot perpetually delay refiling after a voluntary dismissal because the saving statute, R.C. 2305.19, precludes claims refiled beyond a year from the time of the dismissal of the original complaint. Lewis v. Connor (1985), 21 Ohio St.3d 1,21 OBR 266, 487 N.E.2d 285; Ross v. Wolf Envelope Co. (Aug. 2, 1990), Cuyahoga App. No. 57015, unreported, 1990 WL 109082. If an employee does not refile his complaint within a year's time, he can no longer prove his entitlement to participate in the workers' compensation system. Rice v.Stouffer Foods Corp. (Nov. 6, 1997), Cuyahoga App. No. 72515, unreported, 1997 WL 691156. The voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal, which remains pending until the refiling of claimant's complaint."
 {¶ 11} The Supreme Court of Ohio reaffirmed this position in Fowee v.Wesley Hall, Inc., 108 Ohio St.3d 533, 2006-Ohio-1712, holding the following at syllabus:
 {¶ 12} "In an employer-initiated workers' compensation appeal pursuant to R.C. 4123.512, after the employee-claimant files the petition as required by R.C. 4123.512 and voluntarily dismisses it as allowed by Civ. R. 41(A), if the employee-claimant fails to refile within the year allowed by the saving statute, R.C. 2305.19, the employer is entitled to judgment on its appeal. (Robinson v. B.O.C. Group, Gen. MotorsCorp. (1998), 81 Ohio St.3d 361, 691 N.E.2d 667, modified.)"
 {¶ 13} Based upon the foregoing, we find the trial court erred in denying appellant's motion for judgment on the pleadings.
 {¶ 14} The sole assignment of error is granted. *Page 5 
 {¶ 15} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby reversed.
 Farmer, P.J. Edwards, J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is reversed. *Page 1