OPINION
{¶ 1} Defendant-appellant, C.J. Mahan Construction Co., appeals from a judgment of the Franklin County Court of Common Pleas denying its motion for judgment on the pleadings. For the following reasons, we reverse that judgment and remand the matter to the trial court with instructions to enter judgment in favor of appellant. *Page 2 
 {¶ 2} In 2004, plaintiff-appellee, Sam Gambrel, filed a claim for benefits with the Ohio Bureau of Workers Compensation. Gambrel alleged in the claim that he developed bilateral carpal tunnel syndrome while in the course and scope of his employment with appellant. The Industrial Commission of Ohio allowed Gambrel's claim.
 {¶ 3} Appellant timely filed a notice of appeal from the allowance of Gambrel's claim in the Franklin County Court of Common Pleas. Thereafter, Gambrel timely filed a petition as required by R.C. 4123.512(D). After failing to respond to appellant's requests for admission, Gambrel voluntarily dismissed his petition without prejudice pursuant to Civ. R. 41(A) on June 20, 2006.
 {¶ 4} No further documents were filed in this case until October 9, 2007, when appellant filed a motion for judgment on the pleadings pursuant to Civ. R. 12(C). Appellant argued that it was entitled to judgment because Gambrel did not refile his petition within one year of his voluntary dismissal and, therefore, was barred from refiling his petition.[1] The trial court declined to consider appellant's motion, reasoning that it lacked jurisdiction over the case because Gambrel voluntarily dismissed his petition. Accordingly, the trial court overruled appellant's motion.
 {¶ 5} Appellant appeals and assigns the following errors:
 [I]. The Common Pleas Court erred in finding that it did not have jurisdiction to consider the Employer's motion for judgment on the pleadings.
 [II]. The Court erred in failing to grant the Employer's motion for judgment on the pleadings and by failing to grant its appeal, denying the Claimant the right to participate in the workers' compensation system for the conditions requested. *Page 3 
 {¶ 6} A Civ. R. 12(C) motion for judgment on the pleadings is specifically for resolving questions of law. State ex rel. Montgomery v.Purchase Plus Buyer's Group, Inc. (Apr. 25, 2002), Franklin App. No. 01AP-1073, citing State ex rel. Midwest Pride IV, Inc. v. Pontious
(1996), 75 Ohio St.3d 565, 570. Our review of a decision on a Civ. R. 12(C) motion is de novo. Fontbank, Inc. v. CompuServe, Inc. (2000), 138 Ohio App.3d 801, 807.
 {¶ 7} Appellant claims in its first assignment of error that the trial court erred when it decided that it lacked jurisdiction over this case. We agree.
 {¶ 8} R.C. 4123.512(A) requires a party seeking to appeal an order of the Industrial Commission to file a notice of appeal to perfect an appeal. The filing of a notice of appeal is the only act required to vest jurisdiction in the common pleas court. See Fisher v. Mayfield
(1987), 30 Ohio St.3d 8, paragraph one of the syllabus (holding that the jurisdictional requirements of former R.C. 4123.519, now R.C. 4123.512, are satisfied by the timely filing of a notice of appeal); McKinney v.Ohio Bur. Workers' Comp., Franklin App. No. 04AP-1086, 2005-Ohio-2330, at ¶ 4 (noting that the filing of a notice of appeal is the only act required to perfect an appeal and vest jurisdiction in the court);Smith v. Continental Airlines, Inc., Cuyahoga App. No. 81010, 2002-Ohio-4181, at ¶ 16 (same).
 {¶ 9} Within 30 days of the filing of a notice of appeal, the claimant must file a petition pursuant to R.C. 4123.512(D) in the trial court.Robinson v. B.O.C. Group, Gen. Motors (1998), 81 Ohio St.3d 361, 366. That petition, however, is not jurisdictional. McKinney, at ¶ 4; see, also, Franklin v. DaimlerChrysler Corp., Lucas App. No. L-05-1244,2006-Ohio-5620, at ¶ 8 (filing of petition required by R.C. 4123.512 is not jurisdictional, as court already has jurisdiction by virtue of notice of appeal). Therefore, a voluntary *Page 4 
dismissal of that petition does not divest the common pleas court of jurisdiction over the case, which is vested by the timely filing of a notice of appeal. Smith, quoting Rice v. Stouffer Foods Corp. (Nov. 6, 1997), Cuyahoga App. No. 72515; see, also, Kaiser, at 415 ("The voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal, which remains pending until the refiling of claimant's complaint."); McKinney, at ¶ 5 (noting that the voluntary dismissal of a petition did not divest court of its jurisdiction, as appeal still remained pending).
 {¶ 10} Here, the trial court acquired jurisdiction over this case as a result of appellant's timely filing of a notice of appeal. Gambrel's voluntary dismissal of his R.C. 4123.512(D) petition did not divest the trial court of its jurisdiction. Id. Thus, the trial court erred when it declined to consider appellant's motion for judgment on the pleadings for lack of jurisdiction over the case. Therefore, we sustain appellant's first assignment of error.
 {¶ 11} Appellant contends in its second assignment of error that the trial court should have granted its motion for judgment on the pleadings. We agree.
 {¶ 12} The Supreme Court of Ohio recently addressed this very issue inFowee v. Wesley Hall, Inc., 108 Ohio St.3d 533, 2006-Ohio-1712. In that case, an employer filed a timely notice of appeal from the allowance of a workers' compensation claim. The employee timely filed a petition pursuant to R.C. 4123.512(D) but then voluntarily dismissed it pursuant to Civ. R. 41(A) on December 5, 2002. No further filings occurred in the case until December 19, 2003, when the employer moved for judgment on the pleadings because the employee did not timely refile the petition within one year of the voluntary dismissal. The trial court granted the employer's motion. The appellate court *Page 5 
reversed, however, concluding that the savings statute did not apply to an employer-initiated appeal.
 {¶ 13} The Supreme Court of Ohio reversed, holding that:
 [I]n an employer-initiated workers' compensation appeal pursuant to R.C. 4123.512, after the employee-claimant files the petition as required by R.C. 4123.512 and voluntarily dismisses it as allowed by Civ. R. 41(A), if the employee-claimant fails to refile within the year allowed by the saving statute, R.C. 2305.19, the employer is entitled to judgment on its appeal.
Id. at syllabus. Consequently, because the employee did not refile her petition within one year of its voluntary dismissal, the Supreme Court of Ohio found that judgment on the pleadings in favor of the employer was proper. Id. at ¶ 19.
 {¶ 14} The facts in this case are indistinguishable from the facts inFowee. Appellant filed a timely notice of appeal to initiate the present appeal. Gambrel timely filed a petition as required by R.C. 4123.512(D) but then voluntarily dismissed it pursuant to Civ. R. 41(A). Gambrel did not refile his petition within a year, and appellant requested judgment on the pleadings based on that failure. Accordingly, in accordance withFowee, the trial court erred when it did not grant appellant's motion for judgment on the pleadings, and we sustain appellant's second assignment of error.
 {¶ 15} Appellant's two assignments of error are sustained. Therefore, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter to the trial court with instructions to enter judgment in favor of appellant.
Judgment reversed and cause remanded with instructions.
BRYANT and FRENCH, JJ., concur.
[1] In Kaiser v. Ameritemps, Inc. (1999), 84 Ohio St.3d 411, the Supreme Court of Ohio noted that R.C. 2305.19, the savings statute, precludes workers' compensation claims refiled beyond a year from the time of the dismissal of the original petition. *Page 1