McFarland, J.
*347 {¶ 1} Janice M. Jackson appeals from the Washington County Common Pleas Court's dismissal of her complaint, which was filed as part of an appeal from an adverse ruling by the Industrial Commission, with regard to her workers' compensation claim. Currently on appeal to this Court, Appellant contends that the trial court erred in directing that her complaint be dismissed upon the basis that it was not timely filed. Because we conclude the trial court abused its discretion in dismissing Appellant's timely-filed complaint after her workers' compensation appeal had been properly re-filed pursuant to R.C. 2305.19, Ohio's savings statute, Appellant's sole assignment of error is sustained. Accordingly, the decision of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.
FACTS
{¶ 2} Appellant, Janice Jackson, claims she sustained an on-the-job injury while employed by Appellee, American Bulk Commodities, Inc. (hereinafter "ABC"), on November 22, 2015. More specifically, she claims that while bending down and leaning forward to hook up a blower hose to a trailer and to open a valve, she experienced a sharp onset of pain in her lower back. She claims this incident resulted in several injuries, including a sacroiliac sprain, a right paracentral disc herniation at L5-S1, and a substantial aggravation of pre-existing L5-S1 discopathy. After an Industrial Commission hearing held on February 18, 2016, a District Hearing Officer entered an order allowing Appellant's claims for right sacroiliac sprain and right L5-S1 paracentral disc protrusion, and disallowing her claim for substantial aggravation of pre-existing L5-S1 discopathy.
{¶ 3} The employer, Appellee ABC, appealed the decision of the District Hearing Officer and as a result another Industrial Commission Hearing was held on April 13, 2016. On May 6, 2016, a Staff Hearing Officer issued an order vacating the decision of the District Hearing Officer and disallowing Appellant's claim in its entirety. Appellant appealed that decision but an order was issued refusing to hear her appeal. Appellant then requested reconsideration of the decision on June 1, 2016. However, her request was denied on June 9, 2016.
{¶ 4} Subsequently, on June 30, 2016, Appellant filed a timely notice of appeal of the decision by the Industrial Commission in the Washington County Court of Common Pleas, identified as case number 16WC177. Forty-two days later, on August 11, 2016, Appellant filed her complaint, or petition. On August 22, 2016, Appellee ABC filed a motion to dismiss, asking the trial court to dismiss Appellant's appeal because her complaint was not filed within thirty days, as required by R.C. 4123.512. At that juncture, Appellant elected to file a voluntarily notice of dismissal without prejudice under Civ.R. 41(A)(1), reserving the right to refile within one year, pursuant to R.C. 2309.19, Ohio's saving's statute.
{¶ 5} Thereafter, on June 5, 2017, Appellant filed two documents. The first document was entitled "Refiled Notice of Appeal" and was given a new case number, 17WC126. The second document was entitled "Refiled Complaint" and was filed under case number 17WC126 as well. Appellee ABC again filed a motion to dismiss, *348 arguing that "[t]he voluntary dismissal of the original case, 16WC177, and later refiling of the same case, 17WC126, does not cure the untimeliness of the filing of the Petition/Complaint in the original case." Appellant filed a memorandum contra to the motion to dismiss, arguing that "[s]ince the Refiled Notice of Appeal and Complaint were simultaneously filed on June 5, 2017, it cannot be said that the Complaint submitted in the refiled action was untimely and that dismissal is warranted."
{¶ 6} Appellee ABC thereafter filed a reply brief in support of its motion to dismiss, arguing that 1) Appellant dismissed only her complaint and not her entire appeal; 2) there is no authority which provides that an appellant may voluntarily dismiss an appeal under Civ.R. 41(A)(1) or R.C. 4123.512 ; 3) even if Ohio law allowed such a dismissal, because R.C. 4123.512 requires that an appeal be filed within sixty days after the date of the receipt of the Industrial Commission decision, and because the refiled notice of appeal was not filed until June 5, 2017, it was untimely; and 4) there is no legal authority that supports the proposition that R.C. 2305.19 can be used to give a party an additional year to refile a second notice of appeal in a workers' compensation lawsuit.
{¶ 7} In response, Appellant filed a reply memorandum stating that her voluntary dismissal only served to dismiss her complaint, and not her appeal. She argued, however, that because her refiled notice of appeal and complaint were presented to the court "simultaneously," there was no valid basis upon which to dismiss her refiled case. The trial court ultimately issued a judgment entry on September 22, 2017, granting Appellee's motion to dismiss and dismissing Appellant's refiled complaint. It is from this judgment entry that Appellant now brings her timely appeal, setting forth one assignment of error for our review.
ASSIGNMENT OF ERROR
"I. PLAINTIFF-APPELLANT ALLEGES THAT THE TRIAL COURT ERRED IN DIRECTING THAT HER COMPLAINT FILED IN CASE NUMBER 17WC126 BE DISMISSED UPON THE BASIS THAT IT WAS NOT TIMELY FILED."
STANDARD OF REVIEW
{¶ 8} Civ.R. 41(B)(1) provides that where a plaintiff fails to prosecute an action, the court upon motion of a defendant may, after notice to the plaintiff's counsel, dismiss the action. The power of a court to dismiss an action for a plaintiff's failure to prosecute is vested in the sound discretion of the trial court and appellate review is confined solely to determining whether the trial court abused that discretion. Akers v. Johnson Controls, Inc. , 4th Dist. Highland No. 96CA900, 1997 WL 360569, *4 (June 27, 1997) ; citing Pembaur v. Leis , 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982). As further explained in Akers , Civ.R. 41(B)(1) provides a proper mechanism for the dismissal of a workers' compensation appeal because it is the claimant's burden of proving his or her entitlement to participate in the workers' compensation fund. Akers at *4 ; citing Zuljevic v. Midland-Ross Corp. , 62 Ohio St.2d 116, 118-119, 403 N.E.2d 986 (1980) ; see, also , French v. Sysco Food Serv. of Cleveland , 8th Dist. Cuyahoga No. 69688, 1996 WL 257486 (May 16, 1996).
{¶ 9} " 'A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary.' " Wootten v. Culp , 2017-Ohio-665, 85 N.E.3d 198, ¶ 31 (4th Dist.) ; quoting State v. Keenan , 143 Ohio St.3d 397, 2015-Ohio-2484, 38 N.E.3d 870, ¶ 7 ; quoting *349 State v. Darmond , 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. "An abuse of discretion includes a situation in which a trial court did not engage in a 'sound reasoning process'; this review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." State v. Felts , 2016-Ohio-2755, 52 N.E.3d 1223, ¶ 29 (4th Dist.) ; quoting Darmond at ¶ 34.
{¶ 10} However, "[a]lthough the abuse of discretion standard usually affords maximum [deference] to the lower court, no court retains discretion to adopt an incorrect legal rule or to apply an appropriate rule in an inappropriate manner. Such a course of conduct would result in an abuse of discretion." 2-J Supply, Inc. v. Garrett & Parker, L.L.C. , 4th Dist. Highland No. 13CA29, 2015-Ohio-2757, 2015 WL 4113330, ¶ 9. See Safest Neighborhood Assn. v. Athens Bd. of Zoning Appeals , 2013-Ohio-5610, 5 N.E.3d 694, ¶ 16.
LEGAL ANALYSIS
{¶ 11} In her sole assignment of error, Appellant contends that the trial court erred in directing that her complaint filed in case number 17WC126 be dismissed upon the basis that it was not timely filed. Appellant argues that under the provisions of R.C. 4123.512, the only act required to perfect an appeal and confer jurisdiction upon the court is the filing of a notice of appeal, which she did. Appellant contends that the untimely filing of her complaint in case number 16WC177 did not prejudice Appellee, and that the untimeliness of her original complaint in case number 16WC177 has no application to case number 17WC126. Appellant further argues that because her complaint in case number 17WC126 was filed within one year of the previously filed voluntary notice of dismissal in case number 16WC177, it was not untimely.
{¶ 12} Appellee contends, on the other hand, that the original complaint filed in the 16WC177 case was untimely, and that the refiling of the complaint in case number 17WC126 does not cure the untimeliness of the original complaint. More specifically, Appellee argues that because Appellant did not timely commence the action, by failing to timely file the complaint in the original case, the savings statute has no application.[2] Appellee also argues that Appellant voluntarily dismissed her complaint only, and not her notice of appeal, and further argues that Civ.R. 41(A)(1) does not provide for a voluntary dismissal of a notice of appeal. Additionally, Appellee argues that in both cases, Appellant should have been required to show excusable neglect or good cause as to why her complaint was not timely filed, but that she failed to do so. Appellee contends, as a result, that the trial court correctly dismissed Appellant's refiled complaint.
{¶ 13} As indicated above, this case involves Appellant's appeal to the Washington County Court of Common Pleas from an unfavorable decision issued by the Industrial Commission. R.C. 4123.512 governs Workers' Compensation appeals to courts of common pleas and provides as follows, in pertinent part:
*350 "(A) The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state, or in which the contract of employment was made if the exposure occurred outside the state. * * * Like appeal may be taken from an order of a staff hearing officer made under division (D) of section 4123.511 of the Revised Code from which the commission has refused to hear an appeal. Except as otherwise provided in this division, the appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision under division (D) of section 4123.511 of the Revised Code. * * * The filing of the notice of the appeal with the court is the only act required to perfect the appeal.
* * *
(D) Upon receipt of notice of appeal, the clerk of courts shall provide notice to all parties who are appellees and to the commission.
The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. Further pleadings shall be had in accordance with the Rules of Civil Procedure, provided that service of summons on such petition shall not be required and provided that the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court pursuant to this section." (Emphasis added).
{¶ 14} Thus, both claimants and employers may appeal an unfavorable decision issued by the Industrial Commission to a court of common pleas, provided a notice of appeal is filed within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision. Further, whether it is the claimant who appeals or the employer who appeals, a claimant is required to file a petition within thirty days after the filing of the notice of appeal. This is because regardless of who files the appeal, "it is the claimant's burden to prove his or her case before the trial court." Ferguson v. State , 151 Ohio St.3d. 265, 2017-Ohio-7844, 87 N.E.3d 1250, ¶ 12 ; citing Robinson v. B.O.C. Group, Gen. Motors Corp. , 81 Ohio St.3d 361, 364, 691 N.E.2d 667 (1998) (superseded by statute regarding the claimant's right to voluntarily dismiss a complaint in an employer-initiated appeal); citing Zuljevic v. Midland-Ross Corp. , supra , at 118, 403 N.E.2d 986. As explained in Ferguson at ¶ 12"[t]he petition is for all intents and purposes a complaint." (internal citations omitted).
{¶ 15} As set forth above, Appellant timely filed a notice of appeal to the Washington County Court of Common Pleas on June 30, 2016, and her appeal was assigned the case number 16WC177. However, she failed to further file a petition, or complaint, within thirty days thereafter. Instead, she filed it forty-two days later, on August 11, 2016, without requesting leave to do so. In response, Appellee filed *351 a motion to dismiss based upon the untimely filing of the complaint. Rather than attempting to show cause for her late filing, Appellant elected to file voluntary notice of dismissal pursuant to Civ.R. 41(A)(1). The notice, entitled "Notice of Voluntary Dismissal" contained the following language:
"Pursuant to Rule 41 (A) (1) of the Ohio Rules of Civil Procedure, the Plaintiff, Janice Jackson, hereby voluntarily dismisses her action against Defendants, American Bulk Commodities, Inc. and Stephen Buehrer, Administrator, without prejudice by the filing of this notice. This voluntary dismissal pursuant to Rule 41 (A) (1)terminates this case by failure other than upon the merits and, therefore, brings it within the meaning of the Savings Statute as set forth in Section 2305.10, Ohio Revised Code."[3]
{¶ 16} Although the parties and the trial court seem to agree that Appellant voluntarily dismissed only her complaint and not her appeal, this Court believes the answer to that question requires further analysis and is, in fact, dispositive of the issues on appeal. A review of the record from case number 17WC126 and the portions of the record from case number 16WC177 that are before us, indicates that after Appellant filed her Notice of Voluntary Dismissal on September 23, 2016, the trial court thereafter closed the case on March 31, 2017. Then, on June 5, 2017, Appellant refiled her notice of appeal, as well as her complaint. Although they were filed at the same time, they were separate documents and one was not an attachment to the other. The refiled notice of appeal appears first in the docket and was assigned a new case number of 17WC126. The refiled complaint was filed under case number 17WC126, rather than case number 16WC177, which had already been closed by the trial court. We conclude that this factual history lends itself to the conclusion that Appellant did not just voluntarily dismiss her complaint, but that she also dismissed her appeal.
{¶ 17} Appellee argues that there is no legal authority which provides for the voluntary dismissal of an appeal. However, this Court recently scrutinized whether a workers' compensation claimant voluntarily dismissed simply his complaint, or his entire appeal, in Yates v. G & J Pepsi-Cola Bottlers , 4th Dist. Scioto No. 15CA3711, 2016-Ohio-1436, 2016 WL 1298730. The Yates case involved dual appeals, one by the claimant and one by the employer, both of which were consolidated. Yates eventually "filed a notice of voluntary dismissal without prejudice of his part of the appeal." Id. at ¶ 1. Yates later sought to refile his complaint, arguing the court retained jurisdiction over his appeal. Id. at ¶ 2. After analyzying Yate's notice of voluntary dismissal and determining that Yates dismissed only his complaint, rather than his entire appeal, we held that the trial court had retained jurisdiction over the appeal and that Yates had the right to refile his complaint within one year, pursuant to Ohio's savings statute. Id.
{¶ 18} In reaching our decision, we relied heavily upon the language actually used in Yates' "Notice of Partial Dismissal Without Prejudice," which read as follows:
"Now comes the Plaintiff and hereby gives notice that portion of this cause of *352 action dealing with Plaintiff's appeal of the request [sic] condition of Right Shoulder Impingement Syndrome is dismissed without prejudice pursuant to the terms of Ohio Rule of Civil Procedure 41(A). Plaintiff's Complaint still is active for Defendant's appeal of the allowed condition of C6-7 Disk Herniation. Such dismissal is without prejudice of future actions, shall be for failure other than upon the merits and shall specifically allow the plaintiff to retain the right to refile its cause of action within one year as prescribed by law." Id. at ¶ 4. (Emphasis added).
Further review of the Yates decision suggests Yates only refiled his complaint, and not his notice of appeal, one year later.
{¶ 19} The record presently before us, however, indicates that the trial court closed Appellant's first appeal after her voluntary notice of dismissal was filed. Further, and unlike Yates, Appellant refiled both her notice of appeal and her complaint, and the clerk assigned them a new case number that was different from the original appeal. And, the language contained in Appellant's voluntary notice of dismissal states that she is dismissing her "action" against Appellees, not her "cause of action," and more importantly, that the "dismissal terminates this case."
{¶ 20} Although this Court construed the dismissal of a "cause of action" to mean the dismissal of the complaint only in Yates, here we conclude Appellant's use of the word "action," rather than the phrase "cause of action," in conjunction with the other factual elements of this case leads to the conclusion that Appellant did, in fact, dismiss her entire appeal, not just her complaint. For example, in Yates at ¶ 11-12 we determined the use of the phrase "cause of action" in the dismissal notice was consistent with the use of the phrase "cause of action" contained in 4123.512(D), which provides, with regard to the filing of the complaint, or petition, as follows:
"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action ." (Emphasis added).
However, after reviewing this section in light of the facts before us in the present appeal, we note a distinction between the use of the phrase "cause of action" and the single word "action" contained within the wording of the statute itself. As stated, in the case presently before us, Appellant used the word "action" in her notice of voluntary dismissal, not "cause of action."
{¶ 21} Further, in R.C. 4123.512(A), after setting forth the process and time limits for the filing of the notice of appeal, the section states as follows:
"If an action has been commenced in a court of a county other than a court of a county having jurisdiction over the action , the court, upon notice by any party or upon its own motion, shall transfer the action to a court of a county having jurisdiction." (Emphasis added).
We believe the use of the word "action" in this section of the statute clearly refers to the appeal itself, not just the "cause of action" set forth in the complaint. See Lewis v. Connor , 21 Ohio St.3d 1, 4, 487 N.E.2d 285 (1985) (equating the word "action" with "notice of appeal" in discussing whether a notice of appeal was timely filed under R.C. 4123.512 and thus the action timely commenced for purposes of application of the savings statute); Kusa v. United Parcel Service , 61 Ohio Misc.2d 556, 557, 580 N.E.2d 851 (1990) (construing a joint stipulation of dismissal without prejudice of the "within action" to be a dismissal *353 of both the complaint and the notice of appeal, where the employer filed the notice of appeal and the claimant filed the complaint). Additionally, here, Appellant further specified in her notice of voluntary dismissal that the dismissal "terminates" the case. No such language was employed by Yates in his notice of dismissal.
{¶ 22} Based upon the foregoing, we conclude that Appellant's Notice of Voluntary Dismissal filed in case number 16WC177 dismissed the entire action, including the complaint and the notice of appeal. Despite Appellee's argument that there is no legal authority that provides for the voluntary dismissal of an appeal, the in-depth analysis conducted by this Court in Yates , which sought to determine whether Yates voluntarily dismissed his entire appeal or just his complaint, suggests otherwise. Yates at ¶ 13. Further, in Kusa , which involved an employer-initiated appeal, it was determined that the parties could jointly, voluntarily dismiss the entire action with the filing of a "Stipulation of Dismissal Without Prejudice" which provided for "dismissal without prejudice of the within action." Kusa at 557, 580 N.E.2d 851. Thus, the court determined that an employer could voluntarily dismiss its notice of appeal and the claimant could voluntarily dismiss his complaint. The present case involves a claimant-initiated appeal and thus the filer of both the notice of appeal and the complaint were one in the same. Based upon the reasoning of Kusa , coupled with this Court's analysis in Yates , we conclude a claimant may voluntarily dismiss a notice of appeal in an action brought pursuant to R.C. 4123.512, in a claimant-initiated appeal, as the notice of appeal is the document that actually appears to commence the action, rather than the complaint, as in other civil matters. Yates at ¶ 10"* * * in a workers' compensation appeal under R.C. 4123.512, 'the filing of the complaint does not commence the action and confer jurisdiction.' McKinney v. Ohio Bur. of Workers' Comp. , 10th Dist. Franklin No. 04AP-1086, 2005-Ohio-2330 [2005 WL 1118194], ¶ 4. Instead, under the plain language of the governing statute, the only act required to perfect the appeal is the timely filing of the notice of appeal. Spencer v. Freight Handlers, Inc. , 131 Ohio St.3d 316, 2012-Ohio-880, 964 N.E.2d 1030, ¶ 8 ; R.C. 4123.512(A).")
{¶ 23} Finally, in Lewis v. Connor , supra , at 2, 487 N.E.2d 285, the Supreme Court of Ohio answered in the affirmative with regard to the question of whether R.C. 2305.19, Ohio's saving's statute, is applicable to the complaints filed on appeal from a decision of the Industrial Commission pursuant to R.C. 4123.519.[4] The Lewis court found as follows:
"Where a notice of appeal is filed within the time prescribed by R.C. 4123.519 and the action is dismissed without prejudice after expiration of that time, R.C. 2305.19, the savings statute, is applicable to workers' compensation complaints filed in the common pleas court." Id. at 4, 487 N.E.2d 285.
The Kusa court took that reasoning a step further, in an employer-initiated appeal, holding as follows:
"* * * since this statutory section [ R.C. 4123.519, now R.C. 4123.512 ] limits the remedy, not the right, it cannot be interpreted to allow the savings statute to apply to litigants obliged to file complaints, but not to apply to those who must file notices of appeal.
The original belief of this court that the savings statute applies to cases filed under R.C. 4123.519 was ultimately affirmed in Lewis . It is the further belief *354 of this court that once an action is timely filed pursuant to R.C. 4123.519 and dismissed without prejudice by both counsel, the right to refile is also governed by R.C. 2305.19 and it makes no difference whether the application is to a notice of appeal or to a complaint ." Kusa at 559 [580 N.E.2d 851] ; see also Yates , supra , at ¶ 15 (discussing Kusa's holding that the savings statute applies to both a complaint and a notice of appeal, and that application of Kusa would result in the trial court retaining jurisdiction over Yates' appeal even if his dismissal entry dismissed his appeal as well as his complaint, but finding Kusa inapposite and factually distinguishable in light of the determination that Yates dismissed only his complaint). (Emphasis added)
We believe the reasoning in Kusa , which involved an employer-initiated appeal, should apply equally to a claimant-initiated appeal, with regard to whether a claimant may voluntarily dismiss and then refile, pursuant to the savings statute, not only a complaint, but also a notice of appeal.
{¶ 24} Thus, because we have determined that Appellant voluntarily dismissed not only her complaint, but also her timely-filed original appeal, and that her refiled notice of appeal was filed within one year of her voluntary dismissal, as permitted by the savings statute, we conclude the trial court erred and abused its discretion in granting Appellee's motion to dismiss and in dismissing Appellant's complaint in case number 17WC126. We further conclude this result is in line with R.C. 4123.95's statutory mandate which requires courts to liberally construe the workers' compensation laws in favor of employees. Once Appellant's notice of appeal was timely refiled pursuant to the savings statute, she had thirty days from that time to refile her complaint. As set forth above, Appellant filed her refiled notice of appeal and her refiled complaint in case number 17WC126 on the same day and thus, her refiled complaint was timely filed. Accordingly, Appellant's sole assignment of error is sustained, the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
Abele, J.: Concurs in Judgment and Opinion.
Hoover, P.J: Dissents with Dissenting Opinion.
{¶ 25} I respectfully dissent from the lead opinion. Specifically, I disagree with the lead opinion's conclusion that appellant's Civ.R. 41(A)(1) voluntary notice of dismissal acted to dismiss both appellant's workers' compensation complaint and her workers' compensation notice of appeal. I further disagree with the lead opinion's conclusion that Ohio's savings statute, R.C. 2305.19, applies to a workers' compensation notice of appeal. Therefore, I would overrule the appellant's sole assignment of error and affirm the judgment of the trial court.
{¶ 26} In Yates , discussed in the lead opinion, this Court concluded that the claimant's notice of voluntary dismissal filed pursuant to Civ.R. 41(A)(1) dismissed only his complaint, and not his notice of appeal. In doing so, the Court reasoned, inter alia , that under the plain language of Civ.R. 41(A)(1)"the voluntary dismissal affected only the claims asserted [in the] complaint; * * * [and] does not purport to dismiss either his or [the employer's] appeals[.]" Yates at ¶ 11. The lead opinion, in its attempt to distinguish Yates , argues that the language used in this case's dismissal *355 entry substantially differs from the language used in the Yates dismissal entry; but it totally ignores the plain language of Civ.R. 41(A)(1). I simply do not agree with this rationale and would hold that Civ.R. 41(A)(1) does not provide for a voluntary dismissal of a workers' compensation notice of appeal.
{¶ 27} I also disagree with the lead opinion's conclusion that Ohio's saving statute applies not only to workers' compensation complaints, but also to workers' compensation notices of appeal. In fact, this Court has previously decided to the contrary; and I see no reason to break from established precedent. See Case v. Ohio Bur. of Workers' Comp. , 4th Dist. Washington No. 96CA1, 1996 WL 451359, *2 (Aug. 1, 1996) ("Thus, [the Ohio Supreme Court] stated [in Lewis v. Connor , supra ,] that the savings statute applies to workers' compensation complaints. The court did not state that the savings statute applies to workers' compensation notices of appeal.")
{¶ 28} For all the foregoing reasons, I would overrule appellant's sole assignment of error and affirm the trial court's judgment.

R.C. 2305.19 embodies Ohio's savings statute and provides as follows in section (A): "In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of time of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant."

We note at this juncture that only the record for the 17WC126 case was transmitted to this Court on appeal. We do not have the record for the 16WC177 case. The only reason we have access to the contents of the notice of voluntary dismissal filed in the 16WC177 case is because it was attached as an exhibit to Appellee ABC's motion to dismiss that was filed in the 17WC126 case. We also have a copy of the docket sheet for case number 16WC177 because it was likewise attached as an exhibit to Appellee's motion to dismiss.

Now identified as R.C. 4123.512.