[Cite as *Arthur v. Sequent, Inc.*, 2019-Ohio-3075.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| SCOTT E. ARTHUR | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 19 CAE 02 0017 |
| SEQUENT, INC. | : |  |
|  | : |  |
| Defendant-Appellee | : | OPINION |
|  | : |  |

AND

SARAH MORRISON,
ADMINISTRATOR, OHIO BUREAU
OF WORKERS' COMPENSATION

Defendant-Appellant

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil appeal from the Delaware County Court of Common Pleas, Case No. 19-CVD-010046 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | July 29, 2019 |
| APPEARANCES: | |

For Plaintiff-Appellee Scott Arthur

For Defendant-Appellant

ROBERT ROBINSON
226 North Fifth Street, Ste. 501
Columbus, Ohio 43215

NATALIE TACKETT
Assistant Attorney General
150 East Gay Street
Columbus, Ohio 43215

*Gwin, P.J.*

{¶1} Scott Arthur and the Bureau of Workers' Compensation both appeal the January 29, 2019 judgment entry of the Delaware County Court of Common Pleas dismissing Arthur's case for lack of jurisdiction.

*Facts & Procedural History*

{¶2} Scott Arthur ("Arthur") was injured in 2009 while working for Sequent Incorporated. Following his injury, Arthur filed an application for compensation and benefits pursuant to the Workers' Compensation Act. Arthur's claim was allowed for several conditions, including lumbar disc herniation and degenerative disc disease at the L5-S1 level. In 2016, Arthur filed a motion for additional allowance of the claim for the condition of substantial aggravation of pre-existing facet arthropathy L5-S1. After a district hearing officer and staff hearing officer denied Arthur's motion for additional allowance, the Industrial Commission refused Arthur's appeal on March 16, 2017.

{¶3} Arthur filed a notice of appeal with the Delaware Court of Common Pleas on April 7, 2017, appealing the March 16, 2017 order of the Industrial Commission. Also on April 7, 2017, Arthur filed a complaint requesting he be allowed to participate in the Workers' Compensation Fund. The Bureau of Workers' Compensation ("BWC") filed an answer to Arthur's complaint on May 9, 2017. On January 9, 2018, Arthur filed a notice of dismissal without prejudice, stating he voluntarily dismissed the action, without prejudice, pursuant to Civil Rule 41(A).

{¶4} Arthur refiled his complaint on December 19, 2018 in the Franklin County Court of Common Pleas. On December 27, 2018, Arthur filed a motion for change of venue, stating he erroneously refiled his complaint in Franklin County due to a clerical

error and requesting the Franklin County Court of Common Pleas transfer the case to the Delaware County Court of Common Pleas, where venue was appropriate. On January 3, 2019, the Franklin County Court of Common Pleas granted Arthur's motion for change of venue and ordered the action be transferred to the Delaware County Court of Common Pleas. The Franklin County Clerk of Courts sent certified copies of the docket and pleadings in the case to the Delaware County Clerk of Courts on January 14, 2019. On January 25, 2019, the Clerk of the Delaware County Common Pleas Court sent notice to the parties that the case had been transferred from the Franklin County Court of Common Pleas to the Delaware County Court of Common Pleas.

{¶5} The trial court issued a judgment entry on January 29, 2019 dismissing the case for lack of jurisdiction. The trial court stated that, in the absence of a timely-filed notice of appeal, it lacked jurisdiction to consider an appeal from an order of the Industrial Commission. The trial court noted Arthur's original notice of appeal was timely filed less than thirty days after the March 2017 Industrial Commission order. The trial court further found when Arthur dismissed his action pursuant to Civil Rule 41(A), Arthur also dismissed his appeal and it was incumbent upon Arthur to refile his notice of appeal with the refiled complaint. The trial court determined since Arthur refiled only his complaint within the one-year limitation period contained in the savings statute of R.C. 2305.19 and because the timely filing of a notice of appeal is essential to invoking the jurisdiction of the trial court, it lacked jurisdiction to proceed in the matter. On February 21, 2019, the trial court granted the BWC's motion for leave to file answer instanter.

{¶6} The BWC appeals the January 29, 2019 judgment entry of the Delaware County Court of Common Pleas and assigns the following as error:

**{¶7}** "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IMPROPERLY IMPOSING A REQUIREMENT THAT THE PLAINTIFF FILE A 'SECOND' R.C. 4123.512 NOTICE OF APPEAL FOLLOWING THE DISMISSAL OF HIS COMPLAINT UNDER CIV.R.41(A)(1) THAT IS NOT MANDATED BY ANY STATUTE, RULE, OR OTHER CODE PROVISION.

**{¶8}** "II. THE TRIAL COURT ERRED BY TREATING THE R.C. 4123.512 NOTICE OF APPEAL THE SAME AS A COMPLAINT FOR PURPOSES OF APPLYING THE SAVINGS STATUTE TO IMPROPERLY REQUIRE THAT BOTH THE NOTICE OF APPEAL AND COMPLAINT MUST BE RE-FILED WITHIN ONE YEAR OF THE DISMISSAL OF THE COMPLAINT UNDER CIV.R. 41(A)(1)."

### I. & II.

**{¶9}** In their assignments of error, the BWC argues the trial court erred in dismissing Arthur's complaint for lack of jurisdiction. The BWC contends if this Court lets the decision of the trial court stand, it would negatively impact thousands of notices of voluntary dismissals and refiled complaints in Ohio. Arthur, the appellee in this case, adopts the brief of the BWC and agrees the trial court erred in finding it lacked subject-matter jurisdiction over the case.

**{¶10}** Determining whether a trial court has subject matter jurisdiction is reviewed de novo. *Wells Fargo Bank, N.A. v. Elliot*, 5th Dist. Delaware No. 13 CAE 03 0012, 2013-Ohio-3690.

**{¶11}** The appeal in a workers' compensation case begins with the filing of a notice of appeal. R.C. 4123.512(A). R.C. 4123.512 provides that the notice of appeal should state the following: the names of the administrator of workers' compensation, the

claimant, and the employer; the number of the claim; the date of the order appealed from; and the fact that the appellant appeals therefrom. Within thirty days thereafter, the claimant must "file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action." R.C. 4123.512(D). The petition is for all intents and purposes a complaint. *Robinson v. B.O.C. Group, Gen. Motors Corp.*, 81 Ohio St.3d 361, 691 N.E.2d 419 (10th Dist. 1991).

**{¶12}** The Ohio Supreme Court has held that a workers' compensation claimant may employ Civil Rule 41(A) to voluntarily dismiss an appeal to the court of common pleas. *Kaiser v. Ameritemps*, 84 Ohio St.3d 411, 704 N.E.2d 1212 (1999). In the context of an employee voluntarily dismissing an appeal of the employer, the Supreme Court held that, if an employee does not refile his complaint within a year pursuant to the savings statute, the employee cannot prove his entitlement to participate in the workers' compensation system. *Id.* The Supreme Court stated, "the voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal, which remains pending until the refiling of claimant's complaint." *Id.* Similarly, in this case, the voluntary dismissal of Arthur's complaint did not affect the timely notice of appeal, which remains pending until the refiling of the complaint.

**{¶13}** In *Lewis v. Connor*, the Ohio Supreme Court held, "where a notice of appeal is filed within the time prescribed by R.C. 4123.519 and the action is dismissed without prejudice after expiration of that time, R.C. 2305.19, the savings statute, is applicable to workers' compensation complaints filed in the common pleas court." 21 Ohio St.3d 1, 487 N.E.2d 285 (1985). The Ohio Supreme Court found that the "timely filing of

appellant's notice of appeal was the only act necessary to vest jurisdiction in the common pleas court" and nothing in R.C. 4123.519 prohibits the refiling of a complaint where the original notice of appeal was timely filed.  There is no language in *Lewis* that requires the refiling of the notice of appeal after a voluntary dismissal by the employee in order to utilize the savings statute.  The Ohio Supreme Court held the savings statute also applies to employee dismissals of employer-initiated appeals and held that, in an employer-initiated appeal, if the employee voluntarily dismisses his or her petition and fails to refile the complaint within one year as allowed by the savings statute, the employer is entitled to judgment on its appeal.  *Fowee v. Wesley Hall, Inc.*, 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193.  Again, the Supreme Court did not include any language requiring the refiling of a notice of appeal after a voluntary dismissal in order to utilize the savings statute.  The Ohio Supreme Court again considered the use of a voluntary dismissal in an employer's appeal and determined a claimant must obtain the consent of an employer to voluntarily dismiss a complaint in an employer's appeal.  *Ferguson v. State*, 151 Ohio St.3d 265, 2017-Ohio-7844, 87 N.E.3d 1250.  The Court discussed no requirement of a refiling of the notice of appeal.

{¶14}  We find the cases cited by the trial court to be distinguishable from the instant case.  In *Day v. Noah's Ark Learning Center*, 5th Dist. Delaware No. 01-CVE-12-068, 2002-Ohio-4245, the appellant filed only a petition and not a notice of appeal and thus we held the common pleas court was never vested with jurisdiction over the case.  In this case, Arthur filed a timely notice of appeal with his petition in 2017.  In *Beaumont v. Kvaerner North American Construction*, 11th Dist. Trumbull No. 2013-T-0047, 2013-Ohio-5847, the Eleventh District dealt with jurisdiction over new issues presented in an

employer's counterclaim when an employer did not file a notice of appeal. In this case, the employer did not file a counterclaim and Arthur did file a timely notice of appeal in 2017.

{¶15} The trial court relied heavily on *Jackson v. American Bulk Commodities, Inc.*, 4th Dist. Washington No. 17CA33, 2018-Ohio-3706. We first note that *Jackson*, a decision by the Fourth District Court of Appeals, is not binding on this Court. *Moore v. Michalski*, 5th Dist. Fairfield No. 17-CA-44, 2018 WL 3904257. Second, we find *Jackson* distinguishable from the instant case, as the dismissal in *Jackson* specifically states the "dismissal terminates the case," and the Fourth District's finding that the appellant could refile both its notice of appeal and untimely complaint led to a "result in line with R.C. 4123.95's statutory mandate which requires courts to liberally construe the workers' compensation laws in favor of employees." In this case, the voluntary dismissal does not specifically state the "dismissal terminates the case." Further, the dismissal of Arthur's complaint is not in line with the requirement of R.C. 4123.95 to construe the workers' compensation statutes liberally in favor of employees. R.C. 4123.95; see also *Stoneman v. Zimmer Orthopaedic Surgical Prods, Inc.*, 5th Dist. Tuscarawas No. 2007 AP 08 0045, 2008-Ohio-5336.

{¶16} Courts have consistently held the only act that confers jurisdiction on the common pleas court pursuant to R.C. 4123.512 is the filing of the notice of appeal, not the complaint, and the trial court does not lose jurisdiction over a case when a claimant voluntarily dismisses a case. *Donini v. Manor Care, Inc.*, 4th Dist. Scioto No. 13CA3583, 2014-Ohio-1767 (stating the "only act that confers jurisdiction on the common pleas court is the filing of the notice of appeal"); *Rice v. Stouffer Foods Corp.*, 8th Dist. Cuyahoga No.

72515, 1997 WL 691156 (Nov. 6, 1997) (holding a voluntary dismissal does not oust the common pleas court of jurisdiction, as the employer's appeal is still pending, subject to the refiling of the complaint under the savings statute and the trial court did not lose jurisdiction at the time of the voluntary dismissal); *Case v. Ohio Bureau of Workers' Compensation*, 4th Dist. Washington No. 96 CA 1, 1996 WL 451359 (Aug. 1, 1996) (holding the filing of a new complaint, not the filing of a new notice of appeal, invokes the benefit of the savings statute); *Gambrel v. C.J. Mahan Constr. Co.*, 10th Dist. Franklin No. 07AP-1023, 2008-Ohio-3288 (holding the voluntary dismissal of a petition does not divest the common pleas court of jurisdiction over the case, which is vested by the timely filing of a notice of appeal); *Harsco Corp. v. Bishop*, 12th Dist. Madison No. CA2000-12-052, 2001 WL 115548 (Oct. 1, 2001) (stating a Civil Rule 41(A) dismissal by the claimant does not affect the employer's notice of appeal, which remains pending until the refiling of the complaint); *Smith v. Continental Airlines, Inc.*, 8th Dist. Cuyahoga No. 81010, 2002-Ohio-4181 (holding the mere voluntary dismissal of the complaint does not deprive the common pleas court of jurisdiction, as only the complaint is dismissed and the notice of appeal is the only act required to vest jurisdiction in the court); *McKinney v. Ohio State Bureau of Workers' Comp.*, 10th Dist. Franklin No. 04AP-1086, 2005-Ohio-2330 (holding the voluntary dismissal of the claimant's complaint does not affect the notice of appeal, which remains pending until the refiling of the complaint); *Yates v. G&J Pepsi-Cola Bottlers*, 4th Dist. Scioto No. 15CA3711, 2016-Ohio-1436 (stating that by the plain language of the voluntary dismissal and consistent with the governing statutes, rules, and precedent, the common pleas court retained jurisdiction over the notice of appeal after claimant voluntarily dismissed his complaint).

**{¶17}** Based on the foregoing, the BWC's assignments of error are sustained. Arthur perfected subject matter jurisdiction in the common pleas court by filing his timely notice of appeal in 2017. Both Arthur and the BWC agree that nothing in the statutes, case law, or civil rules of procedure require the refiling of a notice of appeal as well as the complaint. We find the trial court committed error in dismissing Arthur's complaint for lack of subject matter jurisdiction.

**{¶18}** The January 29, 2019 judgment entry of the Delaware County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur