JOURNAL ENTRY AND OPINION
{¶ 1} On August 13, 2001, defendant-employer/appellant Donley's, Inc. ("Donley") filed an appeal to the trial court from a determination by the Ohio Industrial Commission allowing plaintiff-employee/appellee Christopher Feckner ("Feckner") an additional claim for "herniated disc L5-S1 or aggravation." *Page 3 
 {¶ 2} On August 20, 2001, Feckner filed his complaint with the trial court. On September 12, 2001, Donley filed its answer.
 {¶ 3} On November 28, 2001, the parties signed and filed a joint notice of voluntary dismissal with the trial court stating:
 "Now come the Plaintiff, Christopher Feckner, and Defendant Donley's Inc., through respective counsel, and hereby give notice to this Honorable Court of joint voluntary dismissal of the foregoing matter, without prejudice, pursuant to Civil Rule 41(A)."
On December 3, 2001, the trial court journalized the following:
 "Court notified case is DWOP, at Pltf's costs. Pltf ordered to notify the Court of refiling of the complaint within 7 days of same by providing the Court with a courtesy copy of the refiled complaint. OSJ. Final."
 {¶ 4} On September 21, 2006, Donley, filed a motion for judgment on the pleadings. On September 26, 2006, the trial court journalized the following, "Motion for judgment on the pleadings is stricken; this court has no jurisdiction
 {¶ 5} to issue judgment on the pleadings in a dismissed cse [sic]." On September 29, 2006, Feckner filed a brief in opposition to Donley's motion for judgment on the pleadings. On October 5, 2006, the trial court journalized the following:
 "Counsel are ordered to cease filing pleadings on this dismissed case. The case was DWOP on 12/3/01; therefore, this court's jurisdiction ended on the date of journalization of that order. As this was a voluntary dismissal, no jurisdiction is retained for post-judgment motions and no jurisdiction exists. This case number is inactive, and must remain inactive due to the DWOP. The Clerk is directed not to accept or file any future pleadings under this case number." *Page 4 
 {¶ 6} On October 26, 2006, Donley timely appealed, raising two assignments of error.
ASSIGNMENT OF ERROR NUMBER ONE "The trial court erred to the prejudice of appellant employer by striking appellant employer's motion for judgment on the pleadings when such action had the effect of terminating appelant [sic] employer's appeal under ORC 4123.512 from an Industrial Commission order and therefore allowing appellee employee to participate in the Worker's Compensation Fund for the additional condition of "herniated disc L5-S1 or aggravation."
 {¶ 7} Donley argues that the trial court erred in striking its motion for judgment on the pleadings for lack of jurisdiction. We disagree.
 {¶ 8} The Ohio Supreme Court held the following regarding Workers' Compensation claims filed with the court of common pleas pursuant to R.C. 4123.512: a petition filed pursuant to R.C. 4123.512 is a "complaint"; regardless of which party files a notice of appeal, the "action" is prosecuted by the "claimant"; the claimant is the plaintiff in an employer-initiated appeal pursuant to R.C. 4123.512; an employer's appeal pursuant to 4123.512 is not comparable to a counterclaim in a civil matter; and lastly, the Ohio Rules of Civil Procedure apply to R.C. 4123.512. Robinson v. B.O.C. Group, General Motors Corp.,81 Ohio St.3d 361, 1998-Ohio-432; see, also, Kaiser v. Ameritemps, Inc.,84 Ohio St.3d 411, 1999-Ohio-360.
 {¶ 9} Additionally,
 "The claimant files a complaint, pleads all jurisdictional facts, presents a claim for relief, appears in the caption of the complaint as a plaintiff, opens and closes the case, has the burden of production and persuasion, and has the duty to prosecute the action. A trial de novo *Page 5 
takes place in the common pleas court within the traditional framework of civil trial, and the claimant is required to take all affirmative steps necessary to have his or her claim litigated." Robinson, 81 Ohio St.3d at 367.
 {¶ 10} Regarding voluntary dismissals and their application to claims made under R.C. 4123.512, "A workers' compensation claimant may employ Civ.R. 41(A)(1)(a) to voluntarily dismiss an appeal to the court of common pleas brought by an employer under R.C. 4123.512."Kaiser, 84 Ohio St.3d at 412. Additionally, "when an employer has appealed a decision of the Industrial Commission to a court of common pleas under R.C. 4123.512, the court of common pleas may subsequently grant a motion to voluntarily dismiss the employee's complaint without prejudice under Civ.R. 41(A)(2)." Robinson, supra. Lastly, the savings statute set forth in R.C. 2305.19 applies to R.C. 4123.512 appeals to the court of common pleas. Lewis v. Connor (1985), 21 Ohio St.3d 1.
 {¶ 11} Here, however, the plaintiff-employee and defendant-employer filed a joint notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(b). Thus belies the following issues for our review: whether Civ.R. 41(A)(1)(b) provides for both parties to sign a voluntary dismissal without prejudice when an employer files a notice of appeal pursuant to R.C. 4123.512; whether either party timely refiled their respective complaint or notice of appeal pursuant to R.C. 2305.19
following the parties' joint notice of voluntary dismissal in the instant action; and lastly, whether the trial court *Page 6 
retained jurisdiction to rule on defendant-employer's motion for judgment on the pleading, filed four years and ten months after dismissal of the case.
 {¶ 12} Ohio courts have held that where the plaintiff-employee voluntarily dismisses his complaint with the trial court, defendant-employer's appeal remains pending, subject to a refiling of the complaint under the savings statute, R.C. 2305.19. See Fowee v.Wesley Hall, Inc., 108 Ohio St.3d 533, 2006-Ohio-1712. This is so because "[t]he voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal * * *." Kaiser, supra. Thus, the trial court not only has jurisdiction to decide defendant-employer's motion for judgment on the pleadings, but defendant-employer is entitled to judgment on the pleadings when the plaintiff-employee fails to refile the petition within one year pursuant to R.C. 2305.19. Fowee, supra.
 {¶ 13} The instant case, however, is distinguishable fromFowee because the parties filed a joint voluntary dismissal without prejudice pursuant to Civ.R. 41(A)(1)(b). Therefore, both Feckner's complaint and Donley's appeal were voluntarily dismissed without prejudice. Donley's notice of appeal did not remain pending until the refiling of Feckner's petition.
 {¶ 14} Where a defendant-employer such as Donley files a notice of appeal from the Industrial Commission to a court of common pleas pursuant to 4123.512, and where defendant-employer and plaintiff-employee subsequently file a joint notice of voluntary dismissal, R.C. 2315.19 applies, regardless of whether the refiled *Page 7 
document is a notice of appeal or a complaint. Cf., Kusa v. UnitedParcel Serv., Inc. (1990), 61 Ohio Misc. 2d 556, citing syllabus.
 {¶ 15} We interpreted Kusa as holding that the "employer's re-filed notice of appeal is timely when filed within the time constraints of the savings statute even though the date of re-filing falls outside the sixty-day statutory requirement set forth in R.C. 4123.512." Ciomek v.LTV Steel Co., Cuyahoga App. Nos. 74646 and 74647, 2000 Ohio app. LEXIS 226.
 {¶ 16} In applying the aforementioned law to the facts of the instant case, Feckner and Donley's filing of a joint notice of voluntary dismissal are subject to the one-year savings statute set forth in R.C.2315.19. However, Feckner never refiled his complaint and Donley never refiled its notice of appeal or any other motions, thus, failing R.C.2315.19.
 {¶ 17} On September 21, 2006, nearly five years after the joint dismissal of the complaint and four years after the savings statute lapsed pursuant to R.C. 2315.19, Donley filed a motion for judgment on the pleadings. Thus, when Feckner failed to refile his complaint within one year and Donley failed to refile its notice of appeal or its motion for judgment on the pleadings within one year, the trial court lacked jurisdiction to rule on Donley's motion for judgment on the pleadings four years later.
 {¶ 18} Donley's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO *Page 8 
 "The trial court erred by ordering the parties to cease filing pleadings because of its erroneous position that the previous dismissal without prejudice in a Workers' Compensation appeal filed by an employer divested the trial court of jurisdiction for post judgment motions."
 {¶ 19} In light of our ruling on Donley's first assignment of error, assignment of error number two is moot.
 {¶ 20} We thus hold that a plaintiff-employee and defendant-employer may employ Civ.R. 41(A)(1)(b) to jointly and voluntarily dismiss their respective notice of appeal and complaint to the common pleas court brought by an employer under R.C. 4123.512. Joint voluntary dismissals are subject to R.C. 2315.19, and both the claimant's petition and the employer's notice of appeal are voluntarily dismissed without prejudice as a result thereof.
 {¶ 21} Donley failed to timely refile its notice of appeal pursuant to R.C. 2305.19 following the parties' joint notice of voluntary dismissal and, therefore, the trial court lacked jurisdiction to rule on Donley's motion for judgment on the pleadings.
 {¶ 22} Donley's second assignment of error is moot.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE JR., A.J., and ANN DYKE, J., CONCUR. *Page 1