[Cite as *Bruce v. Belucon*, 2024-Ohio-139.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sean E. Bruce, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 21AP-497 |
| v. | : | (C.P.C. No. 16CV-5831) |
| Belucon et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on January 16, 2024

**On brief:** *Barkan Meizlish DeRose Cox, LLP, Sanford A. Meizlish, Jason C. Cox,* and *Brian R. Noethlish* for appellant. **Argued:** *Sanford A. Meizlish.*

**On brief:** *Reminger Co., L.P.A., Melvin J. Davis, Mick L. Proxmire,* and *Taylor C. Knight* for Belucon. **Argued:** *Melvin J. Davis.*

**On brief:** *Dave Yost*, Attorney General, and *Natalie J. Tackett* for Administrator, Ohio Bureau of Workers' Compensation. **Argued:** *Natalie J. Tackett.*

**On brief:** *Dave Yost*, Attorney General, and *John Smart* for Industrial Commission of Ohio. **Argued:** John Smart.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, P.J.

{¶ 1} Plaintiff-appellant, Sean E. Bruce, appeals from the judgment of the Franklin County Court of Common Pleas determining that he did not have a right to participate in the workers' compensation fund in this appeal of an Industrial Commission ("commission")

order under R.C. 4123.512 by his employer, defendant-appellee, Belucon.  For the reasons that follow, we affirm the trial court's judgment insofar as it determined Mr. Bruce's right to participate, but reverse the trial court's orders that exceeded its jurisdiction under R.C. 4123.512.

{¶ 2}  While working for Belucon on November 23, 2015, Mr. Bruce fell from a greenhouse roof and suffered extensive injuries.  He filed a workers' compensation claim on January 5, 2016.  A District Hearing Officer found that Mr. Bruce was not Belucon's employee and disallowed the claim on March 4, 2016.  Mr. Bruce appealed and a Staff Hearing Officer reversed the denial on May 23, 2016, finding that he had "met the requirements of R.C. 4123.01(A)(1)(c) supporting [a finding] that he was an employee of [Belucon] and not an independent contractor as alleged."[1]  (May 23, 2016 Order, attached to Jun. 20, 2016 Notice of Appeal.)

{¶ 3}  After the commission refused to hear its appeal, Belucon exercised its statutory right under R.C. 4123.512 to file a Notice of Appeal in the trial court on June 20, 2016.  Belucon named Mr. Bruce and the Administrator of the Bureau of Workers' Compensation ("administrator") as parties to the appeal, as required by R.C. 4123.512(B).[2]  On July 11, 2016, Mr. Bruce filed a complaint, as required by R.C. 4123(D), alleging the grounds for his right to continue to participate in the Worker's Compensation fund.  On October 30, 2017, the attorneys representing Belucon and Mr. Bruce signed and filed a Joint Dismissal Without Prejudice stating that the parties "hereby dismiss all claims without prejudice that are currently pending before this Court."  (Oct. 30, 2021 Joint Dismissal at 1.)

{¶ 4}  On April 23, 2020, Belucon filed a motion captioned "Defendant Belucon's Motion for Judgment."  Belucon argued that because Mr. Bruce had not timely refiled his complaint, he could not establish his right to participate in the workers' compensation fund. Belucon asserted that it was therefore entitled to a judgment in its favor "vacating

---

[1] R.C. 4123.01(A)(1)(c) provides that every person who performs labor or provides services pursuant to a construction contract, as defined in R.C. 4123.79, is an employee for purposes of the workers' compensation fund, if the individual meets at least 10 of the 20 enumerated statutory criteria. *State ex rel. WFAL Constr. v. Buehrer*, 144 Ohio St.3d 21, 2015-Ohio-2305, ¶ 14.

[2] "The administrator, the claimant, and the employer shall be parties to the appeal and the court, upon the application of the commission, shall make the commission a party." R.C. 4123.512(B).

the decision of the Industrial Commission and denying Plaintiff's right to participate in the worker's compensation system." (Apr. 23, 2020 Mot. for Jgmt. at 6.) In response, Mr. Bruce filed a motion to strike the motion for judgment and a motion for sanctions against Belucon on May 7, 2020, arguing that after the joint dismissal, the trial court lacked jurisdiction over the matter.

{¶ 5} The administrator filed a response to Belucon's motion on June 8, 2020, and explained the practical effect of the outcome of the appeal:

> In this matter, Belucon was found to be the employer of Bruce by the commission. However, Belucon was not compliant with the Ohio Workers' Compensation Act and did not have workers' compensation coverage in Ohio. As a result of this, the BWC has paid the costs of this claim from the Surplus Fund and will seek reimbursement of those costs, and additional charges directly from Belucon if Bruce establishes the right to participate [in the fund] in this court action. On the other hand, should Bruce fall short of that right, then Belucon's financial obligations to reimburse the BWC will be vacated as to any compensation and medical benefits paid to Bruce. Either way the BWC will be financially impacted by the results of this litigation.

(June 8, 2020 Def. Admr.'s Resp. to Mot. for Jgmt. at 10-11.)

{¶ 6} On August 24, 2021, the trial court issued a decision that granted Belucon's motion for judgment and overruled Mr. Bruce's motions. Relying on *McKinney v. Ohio State Bur. Workers' Comp.*, 10th Dist. No. 04AP-1086, 2005-Ohio-2330, and *Rice v. Stouffer Foods Corp.*, 8th Dist. No. 72515, 1997 Ohio App. LEXIS 4872 (Nov. 6, 1997), the trial court ruled that Mr. Bruce's failure to refile the complaint within a year from its dismissal, as allowed by the savings statute, R.C. 2305.19(A), barred him from demonstrating his right to participate in the workers' compensation fund and Belucon was therefore entitled to judgment in its R.C. 4123.512 appeal. The trial court incorporated that ruling into its final judgment, in which it also stated:

> The Industrial Commission of Ohio is directed to issue an Order vacating the Staff Hearing Officer Order [and] to now deny Sean Bruce's right to participate for workers' compensation benefits * * *. Further, all payments (i.e. medical payments, indemnity payments, and/or any VSSR awards) made in [Mr. Bruce's claim] are to be charged to the Surplus Fund and are not the responsibility of Belucon.

(Sept. 7, 2021 Jgmt. at 1.)

{¶ 7}   Mr. Bruce appealed and asserts the following assignment of error:

> The Trial Court erred in awarding judgment to Appellee-Employer Belucon in an employer's appeal of an allowed Workers' Compensation claim Belucon failed to defend, dismissed, and abandoned, stripping Appellant-Employee Sean Bruce of Workers' Compensation benefits.

{¶ 8}   After Mr. Bruce commenced this appeal, the commission filed a motion to intervene on January 22, 2022. No party filed a timely opposition to the motion. We granted the commission's motion on February 2, 2022. The commission asserts the following assignment of error:

> The trial court erred in issuing a judgment entry directing the Industrial Commission of Ohio to vacate its order awarding the claimant benefits and releasing the employer from further financial responsibility, in violation of the law.

{¶ 9}   R.C. 4123.512 allows a claimant or employer to appeal "orders of the Industrial Commission in injury or occupational-disease cases other than cases involving the extent of a disability." *Ferguson v. State*, 151 Ohio St.3d 265, 2017-Ohio-7844, ¶ 11. "Although labeled an appeal and commenced initially by the filing of a notice of appeal, the action in the common pleas court * * * is not a traditional error proceeding" but is instead "a full and complete *de novo* determination of both facts and law" supporting the order. *Marcum v. Barry*, 76 Ohio App.3d 536, 539 (10th Dist.1991). *See also Robinson v. B.O.C. Group*, 81 Ohio St.3d 361, 368 (1998), *superseded by statute on other grounds as stated in Bennett v. Admr., Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, ¶ 19, fn. 3 (quoting *Marcum*). "The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action." R.C. 4123.512(D).

{¶ 10}   To start the appeal process, an appellant must "file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision * * *." R.C. 4123.512(A). The act of "filing of the notice of the appeal with the court is the only act required to perfect the appeal." *Id*. In addition, the

claimant must "file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund" within thirty days of the filing of the notice of appeal. R.C. 4123.512(D). Although the statute requires the claimant to file a "petition," the Supreme Court of Ohio has held that "[f]or purposes of the Civil Rules, the pleading that R.C. 4123.512 names a petition is a complaint." *Robinson* at 364. Regardless of whether the claimant or the employer initiates the appeal, it is the claimant who "has both the burden of going forward with evidence and the burden of proof" of demonstrating a right to participate in the workers' compensation fund. *Robinson* at 366, quoting *Zuljevic v. Midland-Ross Corp., Unitcast Div.*, 62 Ohio St.2d 116, 118 (1980).

{¶ 11} Previously, a claimant could move for voluntary dismissal of the complaint under Civ.R. 41(A). *See Robinson* at syllabus ("When an employer has appealed a decision of the Industrial Commission to a court of common pleas under R.C. 4123.512, the court of common pleas may subsequently grant a motion to voluntarily dismiss the employee's complaint without prejudice under Civ.R. 41(A)(2)"); *Kaiser v. Ameritemps, Inc.*, 84 Ohio St.3d 411, 412 (1999) ("A workers' compensation claimant may employ Civ.R. 41(A)(1)(a) to voluntarily dismiss an appeal to the court of common pleas brought by an employer under R.C. 4123.512."). Because such a dismissal was a failure of the claim "otherwise than upon the merits" under the terms of R.C. 2305.19, the savings statute, the claimant could subsequently refile the complaint within one year of dismissal. *Fowee v. Wesley Hall, Inc.*, 108 Ohio St.3d 533, 2006-Ohio-1712, syllabus. However, "if the employee-claimant fail[ed] to refile within the year allowed by the saving statute, R.C. 2305.19, the employer [would be] entitled to judgment on its appeal." *Id.*

{¶ 12} In 2006, the General Assembly passed Am.Sub.S.B. 7, which "ended an employee-claimant's unilateral ability to voluntarily dismiss the complaint in an appeal brought by an employer" with an amendment to R.C. 4123.512(D). *Thorton v. Montville Plastics & Rubber, Inc.*, 121 Ohio St.3d 124, 2009-Ohio-360, ¶ 14. Thereafter, the statute stated that "the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court * * *." R.C. 4123.512(D). "The purpose of the consent provision is obvious: to thwart the ability of claimants to voluntarily dismiss an employer's appeal without the employer's consent." *Ferguson* at

¶ 26. The amendment rendered Civ.R. 41(A) "clearly inapplicable" in R.C. 4123.512 appeals because its application "would 'alter the basic statutory purpose' for which the consent provision was enacted." *Id.* (holding that the consent provision did not conflict with the Supreme Court of Ohio's power to "prescribe rules governing practice and procedure in all courts of the state" under Article IV, Section 5(B) of the Ohio Constitution).

{¶ **13**} Mr. Bruce advances several arguments in support of his contention that the trial court erred by granting judgment in favor of Belucon. He first argues that under the holding of *Feckner v. Donley's, Inc.*, 8th Dist. No. 88926, 2007-Ohio-5335, the joint dismissal effectively dismissed both his complaint and Belucon's notice of appeal, and Belucon was therefore required to refile the notice of appeal within a year under R.C. 2305.19, the savings statute. (Brief of Appellant at 11-13.)

{¶ **14**} In *Feckner*, the employer filed a notice of appeal under R.C. 4123.512, the employee filed the required complaint, and the parties subsequently filed a joint notice of dismissal "without prejudice, pursuant to Civil Rule 41(A)." *Feckner* at ¶ 1-3. Nearly five years later, the employer filed a motion for judgment on the pleadings and the trial court denied it, ruling that it lacked jurisdiction over the matter because of the joint dismissal. *Id.* at ¶ 5. On appeal, the Eighth District Court of Appeals acknowledged the holding in *Fowee* that "where the plaintiff-employee voluntarily dismisses his complaint with the trial court, defendant-employer's appeal remains pending, subject to a refiling of the complaint under the savings statute," and that in such a case, "the trial court not only has jurisdiction to decide defendant-employer's motion for judgment on the pleadings, but defendant-employer is entitled to judgment on the pleadings when the plaintiff-employee fails to refile the petition within one year pursuant to R.C. 2305.19." *Id.* at ¶ 12, citing *Fowee*. The court nevertheless reasoned that the matter was "distinguishable from *Fowee* because the parties filed a joint voluntary dismissal without prejudice pursuant to Civ.R. 41(A)(1)(b)," whereas in *Fowee*, the claimant had unilaterally dismissed the complaint under Civ.R. 41(A)(1)(a). *Id.* at ¶ 13. Thus, "both Feckner's complaint and Donley's appeal were voluntarily dismissed without prejudice," so "Donley's notice of appeal did not remain pending until the refiling of Feckner's petition." *Id.*, citing *Kusa v. United Parcel Serv., Inc.*, 61 Ohio Misc.2d 556 (C.P.1990), the court held that the employer was subject to the one-year timeline of the savings statute to refile its notice of appeal. *Id.*

{¶ 15} The "distinguishable" element *Feckner* cited to justify not applying the rule of *Fowee* was that the parties had jointly stipulated to dismissal under Civ.R. 41(A)(1)(b) rather than the claimant unilaterally dismissing under Civ.R. 41(A)(1)(a). *Feckner* at ¶ 13. This distinction is not actually recognized in the syllabus law of *Fowee*, which states: "In an employer-initiated workers' compensation appeal pursuant to R.C. 4123.512, after the employee-claimant files the petition as required by R.C. 4123.512 and voluntarily dismisses it as allowed by Civ.R. 41(A), if the employee-claimant fails to refile within the year allowed by the saving statute, R.C. 2305.19, the employer is entitled to judgment on its appeal." By its express terms, the holding of *Fowee* applied to all voluntary dismissals under Civ.R. 41(A).

{¶ 16} Our use of the past tense in the preceding sentence is intentional. The 2006 amendment of R.C. 4123.512(D) to include the consent provision foreclosed any future unilateral dismissals by claimants in employer-initiated appeals under Civ.R. 41(A)(1)(a).[3] *See* R.C. 4123.512(D) (stating that "the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal"); *see also Thorton* at ¶ 14 ("Am.Sub.S.B. No. 7 ended an employee-claimant's unilateral ability to voluntarily dismiss the complaint in an appeal brought by an employer."). The Ohio Supreme Court has further held that the addition of the consent provision rendered Civ.R. 41(A) "clearly inapplicable" in workers' compensation appeals under R.C. 4123.512(D). *Ferguson* at ¶ 26. Thus, *Feckner*'s asserted reason for not applying the syllabus law of *Fowee* is no longer a possible procedural occurrence in a R.C. 4123.512(D) appeal.

{¶ 17} That said, the consent provision "amendment does not affect the holding in *Fowee* that an employer is entitled to judgment on the pleadings where a claimant voluntarily dismisses his complaint and fails to refile within one year" under the savings statute, R.C. 2305.19. *Paul v. I-Force, LLC*, 2d Dist. No. 2016-CA-25, 2017-Ohio-5496, ¶ 22. In other words, the remainder of the syllabus law in *Fowee* remains good law. *Id.* Thus, even after the addition of the consent provision to R.C. 4123.512(D), courts have

---

[3] The consent provision was "prospective in effect" when passed in 2006, and the claims in *Feckner* arose before 2001, when the employer filed the notice of appeal commencing the case. *Thorton v. Montville Plastics & Rubber, Inc.*, 121 Ohio St.3d 124, 2009-Ohio-360, ¶ 15.

continued to apply *Fowee*. *Paul* at ¶ 40 ("Based on *Fowee*, the trial court should have granted I-Force's motion for judgment on the pleadings."); *Donini v. Manor Care, Inc.*, 4th Dist. No. 13CA3583, 2014-Ohio-1767 (affirming trial court's grant of judgment on the pleadings in favor of employer after claimant failed to refile voluntarily dismissed complaint in an R.C. 4123.512 appeal). This court applied *Fowee* to claims that arose before the 2006 amendment and *Feckner* provides no reason to depart from that precedent. *Gambrel v. C.J. Mahan Constr. Co.*, 10th Dist. No. 07AP-1023, 2008-Ohio-3288, ¶ 14 (where the claimant "did not refile his petition within a year, and appellant requested judgment on the pleadings based on that failure," the facts were "indistinguishable from the facts in *Fowee*" and the employer was entitled to judgment).

{¶ 18} Finally, even under the pre-amendment version of R.C. 4123.512(D), we have never allowed, as *Feckner* did, a joint dismissal to have the effect of dismissing "both" the employer's notice of appeal and the claimant's complaint. *Feckner* at ¶ 13. " 'The voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal, which remains pending until the re-filing of claimant's complaint.' " *McKinney v. Ohio State Bur. Workers' Comp.*, 10th Dist. No. 04AP-1086, 2005-Ohio-2330, ¶ 4, quoting *Kaiser v. Ameritemps, Inc.*, 84 Ohio St.3d 411, 415 (1999). *See also Gambrel* at ¶ 10 (holding that "the trial court acquired jurisdiction * * * as a result of appellant's timely filing of a notice of appeal" and the employee's "voluntary dismissal of his R.C. 4123.512(D) petition did not divest the trial court of its jurisdiction"). The outcome in *Feckner* is not the norm, as "[c]ourts have consistently held the only act that confers jurisdiction on the common pleas court pursuant to R.C. 4123.512 is the filing of the notice of appeal, not the complaint, and the trial court does not lose jurisdiction over a case when a claimant voluntarily dismisses a case." *Arthur v. Sequent, Inc.*, 5th Dist. No. 19 CAE 02 0017, 2019-Ohio-3075, ¶ 16.

{¶ 19} Mr. Bruce also argues that "the intent of the parties also warrants dismissal" under principles of contract law, stating that Belucon's consent to the joint dismissal demonstrates that "the parties plainly intended for the case to be terminated, pending some affirmative action to re-institute the appeal." (Brief of Appellant at 14.)

{¶ 20} This is not a contract case, and the parties' joint entry of dismissal was not a contract. The filing must be read in light of the controlling law in an R.C. 4123.512 appeal, not the parties' intent. The entry conformed to the requirement of R.C. 4123.512(D) in that

both Mr. Bruce and Belucon consented to the dismissal of "all claims" that were pending. (Oct. 30, 2017 Joint Dismissal Without Prejudice.) Furthermore, when filing a notice of appeal under R.C. 4123.512, "the employer is not presenting a claim for relief. A notice of appeal filed by the employer pursuant to R.C. 4123.512 is no more a claim for relief than it is a request for 'affirmative relief' or a 'demand for judgment.' " *Robinson*, 81 Ohio St.3d at 366, quoting *Zuljevic,* 62 Ohio St.2d at 119. According to the applicable law, as explained previously, Belucon was justified in believing that the entry did not divest the trial court of jurisdiction over its appeal. *Gambrel* at ¶ 10; *McKinney* at ¶ 4.[4]

{¶ 21} The parties' joint entry of dismissal of Mr. Bruce's complaint did not divest the trial court of jurisdiction over this appeal, and Belucon was entitled to judgment after he failed to refile the complaint within the time period allowed by the savings statute. *Fowee* at syllabus. The assignment of error is overruled.

{¶ 22} We now turn to the commission's assignment of error. However, we must first address Belucon's arguments in response to the commission because they primarily concern the commission's status as an intervenor. Belucon argues that the commission is not a proper party to this appeal and its arguments should therefore be disregarded. It argues that the commission's "involvement only serves as a distraction of the issues" raised in this appeal. (Brief of Def.-Appellee Belucon in Resp. to Brief of Intervenor-Appellee at 4.) Belucon also argues that when the commission filed the motion to intervene, it failed to establish that it had "any interest in the outcome of this appeal whatsoever." *Id.* at 7.

{¶ 23} Belucon did not file a timely opposition to the commission's motion to intervene. It filed a memorandum in opposition on February 4, 2022, two days after this court granted the commission's motion and outside the ten-day period allowed under App.R. 15(A) for filing a response to a motion. Belucon then filed a motion requesting reconsideration of the entry allowing the commission to intervene, as allowed by App.R. 15(B), but then withdrew the request. Belucon has waived its right to oppose the

---

[4] Mr. Bruce also argues that the doctrine of laches should apply because Belucon unduly delayed when filing the motion for judgment, but he did not raise this argument before the trial court. "A party who fails to raise an argument in the trial court waives the right to raise it on appeal." *Jiashin Wu v. Northeast Ohio Med. Univ.*, 10th Dist. No. 18AP-656, 2019-Ohio-2530, ¶ 17, citing *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 34.

commission's intervention, but would not have prevented it even if it had timely opposed the commission's motion.

{¶ 24} Although "intervention by a stranger to proceedings in the trial court is not typical," an appellate court may grant a non-party's request to intervene under exceptional circumstances. *Everhome Mtge. Co. v. Baker*, 10th Dist. No. 10AP-534, 2011-Ohio-3303, ¶ 10. "The appellate rules do not provide an explicit mechanism for such a procedure, but courts have used Civ.R. 24, governing intervention in trial courts, as guidance" to determine if the non-party has demonstrated "interests that are both imperative and otherwise unrepresented" in the appeal. *Id.* Civ.R. 24(A) states:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

{¶ 25} The commission has a statutory right to be a party in a workers' compensation appeal under R.C. 4123.512(B), which states: "The administrator, the claimant, and the employer shall be parties to the appeal and the court, upon the application of the commission, shall make the commission a party."  The right is optional but nevertheless unconditional.  Thus, the commission could have intervened under Civ.R. 24(A)(1) in the trial court.  It had no reason to do so until the trial court implicated its interests in the final judgment.  At that point, the "disposition of the action" was going to occur through this appeal, which could "as a practical matter impair or impede" the commission's ability to protect its interest in not following orders that it believes the trial court had no jurisdiction to ordain.  Civ.R. 24(A)(2).  Thus, under either prong of Civ.R. 24(A), the commission had grounds for intervention.

{¶ 26} According to the commission, the trial court acted without jurisdiction when it included orders in the final judgment other than a determination that Mr. Bruce did not have a right to participate in the workers' compensation fund.  An appeal under R.C. 4123.512 is limited to determination on that issue, the commission argues.  Thus, it believes that the trial court exceeded its authority when it directed the commission "to issue

an Order vacating the Staff Hearing Officer Order [and] to now deny Sean Bruce's right to participate for workers' compensation benefits," and when it stated that "all payments (i.e. medical payments, indemnity payments, and/or any VSSR awards) made in [Mr. Bruce's claim] are to be charged to the Surplus Fund and are not the responsibility of Belucon." (Sept. 7, 2021 Jgmt. at 1.)

{¶ 27} "The most limited form of judicial review of commission decisions is by direct appeal to the common pleas court." *Felty v. AT&T Technologies, Inc.*, 65 Ohio St.3d 234, 237 (1992) (contrasting R.C. 4123.512 "direct appeal[s] to the courts of common pleas," original actions in mandamus, and declaratory judgment actions, each of which is "strictly limited" in scope). Furthermore, "a party's right to appeal workers' compensation decisions to the courts is conferred solely by statute." *Id.*, citing *Cadle v. Gen. Motors Corp.*, 45 Ohio St.2d 28, 33 (1976). In an appeal under R.C. 4123.512, the statute authorizes a trial court or jury to make only the following determination: "the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action." R.C. 4123.512(D).

{¶ 28} Here, the trial court's August 24, 2021 decision made that determination, finding that Mr. Bruce could no longer assert a right to participate in the workers' compensation fund after failing to timely refile his complaint. At that point, the trial court had exhausted its ability to act on Belucon's appeal, other than to "certify its decision to the commission" and file the certification "in the records of the court," a set of ministerial acts required by the statute. R.C. 4123.512(E). The language of its September 7, 2021 entry exceeded the scope of review allowed by the statute. R.C. 4123.512 does not authorize the trial court to order the commission to vacate its orders, charge payments to the Surplus Fund, or determine the existence or non-existence of an employer's liability. *See Jones v. Smith Transport*, 4th Dist. No. 11CA11, 2012-Ohio-692, ¶ 12 (holding that in an R.C. 4123.512 appeal, a trial court was "without jurisdiction" to "include[] a determination" in the judgment that the claimant was an employee of the employer).

{¶ 29} More fundamentally, "[i]t is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void." *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64 (1956). Here, the commission was a non-party

over whom the trial court had never acquired personal jurisdiction. The trial court had no authority to order the commission to do anything at all. *E.g.*, *State ex rel. Ballard*, 50 Ohio St.3d 182, 184 (1990) (where "relator was not a party in the trial court proceedings, was not served summons, and did not appear before the court," the trial court was "without jurisdiction to render judgment against him"). The commission's assignment of error is sustained.

{¶ 30} Having overruled Mr. Bruce's assignment of error and sustained the commission's assignment of error, we reverse the judgment of the trial court and remand this cause for further proceedings in accordance with this opinion.

*Judgment reversed.*

DORRIAN, J., concurs with separate opinion.
BEATTY BLUNT, J., concur.

DORRIAN, J., concurring.

{¶ 31} The joint dismissal without prejudice states simply: "Now comes Defendant, Belucon and Plaintiff Sean Bruce, and hereby dismiss all *claims* without prejudice that are currently pending before this Court. Court costs to be paid by the party that incurred them."[5] (Emphasis added.) (Oct. 30, 2017 Joint Dismissal.)

{¶ 32} I note the joint dismissal's use of the term "claims" and also note the joint dismissal's lack of reference to appeal or notice of appeal. I further note, as the majority has summarized, the 2006 amendment to R.C. 4123.512 required an employer's consent to dismissal of a complaint if the employer is the party that filed the notice of appeal to the court, as was the circumstance in this case. Accordingly, without more in the record to indicate otherwise, I would construe the joint dismissal to be a dismissal of Bruce's complaint only with Belucon consenting to the dismissal of the complaint.

{¶ 33} Finally, I note that even if the joint dismissal were construed to be a joint dismissal of the notice of appeal as well, the trial court did not file a judgment entry

---

[5] The joint notice of voluntary dismissal in the *Feckner v. Donley's, Inc.*, 8th Dist. No. 88926, 2007-Ohio-5335 case stated: "Now come the Plaintiff, Christopher Feckner, and Defendant Donley's, Inc., through respective counsel, and hereby give notice to this Honorable Court of joint voluntary dismissal of the *foregoing matter*, without prejudice, pursuant to Civil Rule 41(A)." (Emphasis added.) *Id*. at ¶ 3.

dismissing the Belucon's appeal.[6]   Therefore, I would find the trial court retained jurisdiction over the appeal.

{¶ 34} For these reasons, I concur with the majority and would affirm the trial court's granting of Belucon's motion for judgment.

————————————————

[6] In *Feckner*, the court journalized the following: "Court notified case is DWOP, at Pltf's costs. Pltf ordered to notify the Court of refiling of the complaint within 7 days of same by providing the Court with a courtesy copy of the refiled complaint. OSJ. Final." *Id*. at ¶ 3.